## McGlone and others vs. Prosser.

*Pleading upon a statute : exceptions in general clause.*

1. In pleadings upon a statute, an exception *contained in the general clause* must be negatived.
2. Sec. 51, ch. 28, R. S., provides that a certificate of sale of school lands, issued by the commissioners, shall be sufficient evidence of title to enable the purchaser to maintain an action to recover possession of such lands, &c., "unless such certificate shall have become void by forfeiture." In ejectment by the holder of such a certificate, an averment that he is the owner thereof, and entitled to the possession of the premises, is not sufficient without a further averment that the certificate had not become void by forfeiture.

APPEAL from the Circuit Court for *Fond du Lac* County.

Ejectment. The complaint avers "that under and by virtue of a certificate duly issued, executed and acknowledged according to law by the commissioners of the school and university lands of the state of Wisconsin, dated the 20th day of September, 1850," one Bartholomew McGlone, late of said county, deceased, was at the time of his death the owner and in lawful possession of the premises. It then alleges that the plaintiffs are his heirs; that the defendant is unlawfully in possession, &c. A demurrer to the complaint as not stating a cause of action, was sustained; and plaintiffs appealed.

*N. C. Giffin,* for appellants, cited 1 Whitt. Pr., 880, 887–8, and cases there referred to; R. S., ch. 28, sec. 51, and ch. 141, sec. 4; *Garner v. Manhattan Building Association,* 6 Duer, 539.

*E. S. Bragg, contra.*

DIXON, C. J. The plaintiffs sue upon their equitable right— the right given them by the statute, as the holders of the certificate, to maintain ejectment and other actions with respect to the land therein described. R. S., ch. 28, sec. 51. It is therefore a suit upon the statute. In pleading upon a statute, an exception in the general clause must be stated and negatived, so as to show that the party relying upon the general clause is not

within the exception. 1 Chitty's Pl., 223 ; *Vavasour v. Ormrod,* 6 B. & C., 430 (13 E. C. L., 225); *Smith v. Moore,* 6 Greenl., 277. The statute contains this exception—part of the general clause: "unless such certificate shall have become void by forfeiture ;" so that, nothwithstanding the general averment that the plaintiffs own the certificate and are entitled to the possession of the premises under it, it still does not appear from the complaint that they have any right of action upon the statute. The certificate may have become void by forfeiture.

As the exception is not noticed and negatived in the complaint, no cause of action is shown, and the demurrer, for this reason, was properly sustained.

*By the Court.*—Order affirmed.