Gunderson vs. Cook.

═══════════════

GUNDERSON VS. COOK.

(1–3) EJECTMENT: *State lands — Certificate vs. Patent.*
(4–6) EQUITY: *Limits of jurisdiction as to rights in land.*

1. One who holds the certificate of a sale of land issued by the commissioners of school and university lands, may maintain *ejectment* against a party in possession of the land and claiming under a patent subsequently issued by said commissioners; and in such action may show that the action of the commissioners in setting aside the sale upon which his certificates were issued, and in again selling the land to the defendant, was unlawful. R. S., ch. 28, sec. 51.

2. If the commissioners attempt to annul such a certificate in a case where they have no legal right to annul it, their act is void, and the certificate remains in force.

3. It is competent for the court, in ejectment by the owner of the certificate in such a case, to adjudge the patent void.

4. A court of equity will decline to take jurisdiction of a case where it appears that the plaintiff has an adequate legal remedy, and the objection to the jurisdiction has been taken in time.

5. The owner of the certificate, out of possession, in the case above stated, having a plain, adequate remedy at law, equity will not interfere at his suit.

6. In an equitable suit to remove a cloud upon title, and in an action to quiet title under sec. 29, ch. 141, R. S., the plaintiff must be in *actual possession* of the land; but whether in both actions he must also have the *legal title*, it was not necessary to decide in this case.

---

* The order referred to *seems* to have been one denying a new trial, after a verdict for the plaintiff. REP.

APPEAL from the Circuit Court for *St. Croix* County.

The following statement of the case as set forth in the complaint, was prepared by COLE, J., as a part of his opinion :

"The plaintiff is the owner and holder of certain school land certificates described in the complaint, which were assigned to him October 27, 1870. He alleges that all interest which has accrued upon the certificates, and all taxes of every kind assessed against the lands, have been paid, and that about the eighth day of April, 1871, the commissioners of the school and university lands did wrongfully and unlawfully, with the connivance of the defendant, undertake to set aside the sales upon which his certificates were issued, and did sell the lands to the defendant, and thereupon executed and delivered to him a patent, which has been recorded in the office of the secretary of state. The plaintiff avers that the patent is a cloud upon the right, title and interest which he has in the lands mentioned in the certificates; and he asks that the patent may be adjudged void, and delivered up to be cancelled. These are the material facts upon which relief is sought."

A demurrer to the complaint (upon grounds sufficiently stated in the opinion) was overruled; and from this order defendant appealed.

*Wm. F. Vilas*, for appellant, argued, 1. That in order to maintain this action, plaintiff must have the legal title and actual possession. R. S., ch. 141, sec. 29 (2 Tay. Stats., 1671); *Orton v. Smith*, 18 How. (U. S.), 263; *Ward v. Dewey*, 16 N. Y., 529; *Croft v. Merrill*, 14 id., 460; *Harris v. Smith*, 2 Dana, 10; *Haythorne v. Margerem*, 3 Halst. Ch., 324; *Jones v. Collins*, 16 Wis., 594; *Stridde v. Saroni*, 21 id., 173; *Meade v. Black*, 22 id., 241. To the point that plaintiff's title as assignee of the land certificate was only an equitable one, he cited R. S., ch. 28, sec. 50 (1 Tay. Stats., 626); *Smith v. Mariner*, 5 Wis., 551; *Smith v. Clarke*, 7 id., 551; *Whitney v. State Bank,* id., 620; *Hurd v. Hall*, 12 id., 112. Yet by the statute, though having only an equitable title, plaintiff has a perfect legal rem-

edy, by ejectment. R. S., ch. 28, sec. 51 (1 Tay. Stats., 626) ; *McGlone v. Prosser*, 21 Wis., 273. 2. That the vendor in a land contract may lawfully transfer the legal title to a third person, thereby granting the right to receive the vendee's money, and subject to the obligation to convey. The vendee can maintain no suit to declare such a conveyance null, even though the parties to it wrongfully supposed his contract not to be binding on the vendor. How can plaintiff ask to have a conveyance by his vendor to defendant declared null, as a *cloud*, when it is perfectly compatible with every right which plaintiff has as vendee, under his certificates, and, on payment or tender of the purchase money, he can compel a conveyance to him of the fee title by defendant, as any other vendee might against his vendor's subsequent grantee? *Gough v. Dorsey*, 27 Wis., 119. 3. That the *quasi* judicial determination of the commissioners, in setting aside the sale to plaintiff, is *prima facie* valid, and the complaint is insufficient because it does not state *facts* showing that such decision was " wrongful and unlawful." *Gough v. Dorsey, supra; Paine v. White*, 21 Wis., 423.

*Glover & Clinton*, for respondent:

1. In *Gough v. Dorsey*, 27 Wis., 119, it is held that, in ejectment by the patentee of state lands against one who owns the certificate of a prior sale, the action of the commissioners in setting aside such prior sale, and issuing the patent, can be reviewed upon an equitable counterclaim set up by defendant, based upon his certificates. But such equitable counterclaim would not lie, unless the holder of the certificate had a right of equitable action thereon, to set aside the patent and the decision of the commissioners. That case is therefore decisive of the right of this plaintiff to maintain the present action. 2. The allegations of the complaint that the commissioners acted unlawfully and wrongfully, and in connivance with the defendant, are sufficient to rebut the presumption in favor of their action. 3. This action is neither the statutory one to quiet title, nor the corresponding equitable one to remove a cloud, but is an ac-

tion to set aside a legal title unlawfully and wrongfully granted, in violation of plaintiff's equitable rights. Plaintiff's certificates are mere contracts, giving him an equitable and not a legal title (5 Wis., 551; 7 id., 620); and the patent issued by the commissioners vests the legal title in defendant. Having no legal title, plaintiff could not maintain an action at law. 13 Wis., 472; 19 id., 537; Burnett, 13. The statute allowing ejectment to be brought on school land certificates would not help this plaintiff in an action of that nature; because his certificates, having been set aside and a patent issued to another party, they can have no legal force until the action of the commissioners has first been reviewed and set aside by a court of equity.

COLE, J. The complaint was demurred to on several grounds, only one or two of which will it be necessary to notice. First, it is insisted on the part of the defendant, that the complaint fails to state a cause of action calling for the interference of a court of equity, or one within the jurisdiction of such a court. It is not averred in the complaint that the plaintiff is in possession of the lands mentioned in the certificates, and the presumption is, from the facts stated, that he is not. He has the equitable title under the certificates, the legal title being in the defendant. And he claims that his equities are paramount, and that the legal title should be declared subordinate to his rights, or rather that the patent issued to the defendant should be set aside in order that he may obtain possession of the lands. Upon these facts the question arises, Will a court of equity interfere to set aside the patent? It seems to us that it will not. The principle is perfectly well settled, that a court of equity will decline to take jurisdiction of a cause where it appears that the party has an adequate legal remedy, and the objection to the jurisdiction is taken in time, as it was in the present case. In the case before us, it seems to us there can be no doubt that the plaintiff can test

the legality of the acts of the commissioners in annulling his certificates and again selling the lands to the defendant, by bringing his action at law to recover possession. He can in that action have the proceedings of the commissioners reviewed and examined, and have the judgment of the court upon the title of the defendant under the patent. The statute makes these school land certificates sufficient evidence of title to enable the holder or owner of them to maintain any action or proceeding to recover the possession of the lands mentioned in them (sec. 51, ch. 28, R. S., and *McGlone v. Prosser*, 21 Wis., 273); and it is very obvious that in such an action the validity of the patent, as well as the legality of the proceedings of the commissioners in annulling his certificates, can be fully investigated and determined. The counsel for the plaintiff suggest in their brief, that the statute allowing ejectment to be brought on school land certificates is not an available remedy, because the commissioners have undertaken to annul his certificates, and therefore the equitable title under them would not prevail in such an action against the patent which has been issued to the defendant. But it is evident, if the commissioners attempted to annul the certificates in a case where they had no legal power or right to annul them, that their acts are void, and the certificates are still in force. And being in force, the plaintiff may maintain an action of ejectment upon them, and recover the possession of the lands, notwithstanding a patent has been issued to the defendant, providing the patent was issued in fraud of his rights. The equitable title under the certificates is placed by statute on the same ground as the legal title, so far as maintaining the action of ejectment is concerned; and therefore the court would be compelled to inquire whether the equitable title should not prevail over the legal title. If there were any reasons why the patent should be adjudged void as against the rights of the plaintiff, it would be competent for the court to so adjudge in the action for the possession. Suppose the plaintiff had the patent, and should

bring an action to recover possession: he would not be permitted to prevail on his legal title, as against one in possession under an equitable title. That question was so decided in *Gough v. Dorsey*, 27 Wis., 119, which shows very clearly that the legal title is not alone regarded in the action, and suffered to prevail over the equitable title regardless of the real rights of the parties. And if the commissioners have attempted to cancel the plaintiff's certificates, and to sell the lands described in them, when they had no authority so to do, the regularity and validity of their acts may be inquired into in an action upon the certificates to recover possession. This plain, adequate remedy existing, it follows that the plaintiff has no occasion to invoke the jurisdiction of a court of equity to set aside the patent. He can accomplish the same result by an action at law for the possession.

The counsel for the plaintiff expressly state in their brief, that this action is not one under the statute to quiet title; nor the corresponding equitable action to remove a cloud upon the title of the plaintiff. In both these cases they concede the plaintiff must be in *actual* possession of the lands, to be entitled to relief; and such was the decision in *Wals v. Grosvenor*, 31 Wis., 681. They concede further, that the plaintiff must not only be in the actual possession of the lands, but that he must likewise have the legal title, in order to give the court jurisdiction in either case. But whether this is an accurate statement of the law upon this subject, it is not necessary to decide in this case; and I therefore do not wish to express any opinion upon the question. It may be that a party in the actual possession of lands under an equitable title may come into a court, under proper circumstances, to quiet his title, or remove a cloud from his title, either under sec. 29, ch. 141, R. S., or under the appropriate jurisdiction of a court of equity. It will be noticed that the remedy given by the statute is to "any person having the possession and *legal title;*" and whether this is exclusive of an equitable title merely, may perhaps admit of dis-

Gunderson vs. Cook.

cussion. In *Orton v. Smith*, 18 How. (U. S.), 263, Mr. Justice GRIER says, that "those only who have a clear legal and equitable title to land, connected with possession, have any right to claim the interference of a court of equity to give them peace or dissipate a cloud on the title;" but whether this is a correct exposition of the rule in equity, or under our statute even, is a question not really involved here. See *Harrington v. Williams*, 31 Texas, 448; *Barron v. Robbins*, 22 Mich., 35; *Holbrook v. Winsor*, 23 id., 394; *Clouston v. Shearer*, 99 Mass. R., 209. The case of *Gough v. Dorsey, supra*, has a strong bearing upon the point, and would tend to support the jurisdiction of a court of equity in favor of one in actual possession and having only an equitable title, to have an instrument delivered up and cancelled which operated to the prejudice of his title. But we do not think a party out of possession can claim that relief, especially when he has an adequate legal remedy, as the plaintiff has, to accomplish the same result, by bringing his action of ejectment. His certificates are equally potent for offensive as defensive litigation, and he needs not the aid of a court of equity to correct the "wrongful and unlawful" acts of the commissioners. In an action to recover the possession he can have their proceedings reviewed, and a judicial determination of the validity or invalidity of the patent issued by them to the defendant.

It follows from these views that both the first and fourth grounds of demurrer were well taken.

*By the Court.* — The order overruling the demurrer to the complaint is reversed, and the cause remanded for further proceedings.