THE STATE ex rel. ANDERSON vs. TIMME and others, Commissioners, etc.

*March 25 — April 8, 1884.*

PUBLIC LANDS: CONSTITUTIONAL LAW. *(1) Fraudulent preemption: Appeal by commissioners not the exclusive remedy. (2) Refusal of patent for fraud not an exercise of judicial power.*

1. Assuming that sec. 201, R. S., gives to the commissioners of public lands, as a board, the right, by appeal, to have a preemption right determined by a jury, such remedy is not exclusive; and in proceedings by *mandamus* to compel them to issue a patent, they may defend upon the ground that the relator's claim of preemption is fraudulent and void.

2. In refusing to issue a patent on the ground that a preemption claim is fraudulent, the commissioners of public lands do not exercise judicial power within the meaning of sec. 2, art. VII, of the constitution.

MANDAMUS to the Commissioners of the Public Lands.

On the petition of the relator an alternative writ of *mandamus* issued out of this court, directed to the commissioners of the public lands, commanding them to issue to the relator a patent of a certain quarter-section of land therein described, or to show cause to the contrary thereof on a certain day therein specified. The petition for the writ alleges all facts essential to a valid preemption of such land by the relator, and his right to a patent thereof by virtue of the statute in that behalf. R. S., 109, secs. 196–200. It also alleges the refusal of the commissioners to issue the patent, and that no appeal has been taken pursuant to sec. 201 against the preemption right claimed by him.

The commissioners made due return to the writ, and allege in such return and answer as follows: "That said respondents are informed, and verily believe the same to be true, that the said certificate and affidavit so made, filed, and recorded, as set forth by said relator in his said petition, were, at the time they were so made, filed, and recorded, false and fraudulent, and so made, filed, and recorded by said relator for the purpose of cheating and defrauding the state of Wisconsin and the funds to which the avails of the sales of said lands would go and belong, out of the sum of $1.75 per acre,— the same being the difference between the price to be paid to the state for said lands by entry and by preemption; that said certificate and affidavit so made, filed, and recorded as alleged by said relator were false and fraudulent in this, to wit, that said relator was not, at the times alleged and stated in said certificate and affidavit, in the actual occupancy of said lands for agricultural purposes, as alleged therein, or of any part thereof, nor did he reside upon the same, or any part thereof, for agricultural purposes, nor had he, at the time of making said certificate, made the improvements upon said lands specified therein, or the improvements required by law to entitle him to be treated as a preemptor thereof; but that said certificate and affidavit were made for

The State ex rel. Anderson vs. Timme and others, Commissioners, etc.

the purpose of fraudulently obtaining title to said lands from the state of Wisconsin, under the preemption laws thereof, for a sum less than $3 per acre, fixed by law as the minimum price therefor, to wit, for the sum of $1.25 per acre, and without complying with the requirements of law to entitle him to a patent therefor from the state; that the said relator designed, by means of said false certificate and affidavit, to perpetrate a fraud upon said state and the fund aforesaid; that these respondents allege and show, upon information and belief, that said lands are not agricultural lands, but are what are commonly known as pine lands, and that said relator was so as aforesaid fraudulently attempting as aforesaid to obtain title from the state for said lands for the purpose of obtaining and securing the timber thereon, and not for agricultural purposes as contemplated by the preemption laws of the state."

The commissioners further answer that the practice for twenty years in their department has been to go behind the certificates and affidavits of preemptions, and inquire whether such preemptions were fraudulent, and, if found to be so, to refuse to issue patents to the fraudulent preemptors. This course was pursued in the present case. Also, that the money paid to the state treasurer for such land by the relator is held subject to his order.

The relator has interposed a general demurrer to the return, in which it is alleged that the commissioners are barred from defending this action, because no appeal was taken by them pursuant to sec. 201, R. S., to test the validity of the preemption claimed by the relator.

II. II. Grace, for the relator, contended that the right of appeal given by sec. 201, R. S., was exclusive. Arnet v. Milwaukee M. M. Ins. Co., 22 Wis., 516; Hall v. Hinckley, 32 id., 368; Clarke v. Banner & V. P. Co., 50 id., 416. Not having appealed in time the commissioners are now estopped to deny the validity of the preemption right. Oconto Co. v.

JANUARY TERM, 1884.     347

The State ex rel. Anderson vs. Timme and others, Commissioners, etc.

*Jerrard*, 46 Wis., 326; *Knox v. Cleveland*, 13 id., 245; *Edgerton v. Bird*, 6 id., 527. The action of the commissioners was judicial, and therefore in violation of sec. 2, art. VII, of the constitution.

*The Attorney General*, for the respondents.

LYON, J. It cannot be doubted that the return of the commissioners to the alternative writ of *mandamus* contains averments of fact which show that the preemption claimed by the relator is false and fraudulent. His occupancy of the land for agricultural purposes, and the making of the required improvements, both of which are essential to a valid preemption, are expressly denied in the return. Hence, the return, if true, is fatal to the remedy which the relator seeks to enforce, unless the commissioners are barred from defending against the relator's claim to the land.

It is maintained on behalf of the relator that an appeal is given to the commissioners by sec. 201, R. S.; that the same is exclusive of any other remedy to avoid a fraudulent preemption claim; and that, having failed to appeal within the prescribed time, they cannot now be heard to allege that the preemption claim is invalid and a fraud on the state. The position is that they must either appeal or issue the patent, no matter how grossly fraudulent the preemption claim may be.

A probable fallacy in this position is that the statute does not, in terms at least, give an appeal to the board of commissioners. The language is, " either of the commissioners " may by appeal have the preemption right determined by a jury. It may well be held that this statute does not give an appeal to the board, as such, but only to a member of it who may desire to test the validity of the preemption and thus, if the preemption is held invalid, prevent the issuing of a patent which a majority of the board might be disposed to issue.

But assuming, for the purposes of the case, that the stat-

ute gives the commissioners the right of appeal, it by no means follows that they are estopped, by their failure to appeal, to contest in this proceeding the relator's right to a patent.   In support of his position, counsel for the relator invokes the rule, often asserted and acted upon by this court, that where a party is seeking to enforce a purely statutory right he is confined to the specific remedy given by the statute, and has no general remedy at common law.   Did sec. 201 give the relator the right of appeal,— which, unlike sec. 8, ch. 156, Laws of 1864 (Tay. Stats., 666, § 19), it does not,— doubtless the relator would be within the above rule, and would be confined to the remedy by appeal to enforce his preemption right.   But the rule does not bind the party against whom the right is claimed, unless the statute expressly takes from him all other remedies.   If it does not, he may resort to any appropriate common law process to defend against the right claimed.   The statute does not restrict the commissioners to any specific line of defense, and hence, although they did not appeal, they may allege here that the relator's claim is fraudulent and void.

The point is made that by refusing to issue the patent the commissioners have assumed to exercise judicial power.   We think the point is not well taken.   True, they have assumed to determine that the preemption claim of the . relator is fraudulent, but this is no more than they are authorized by sec. 230, R. S., to determine after the patent has issued. Under that section the commissioners may determine that the sale was made by fraud or mistake, or against the law, and thus invalidate the certificate of sale or the patent.   This court held, in *Gough v. Dorsey*, 27 Wis., 119, that sec. 230 does not confer upon the commissioners judicial power in the sense in which that term is used in the constitution, and hence that it is a valid enactment.   The decision is equally applicable to this case.

*By the Court.*— The demurrer to the return of the commissioners is overruled.