The State ex rel. Anderson vs. Timme and others, Comm'rs, etc.

THE STATE EX REL. ANDERSON vs. TIMME and others, Commissioners, etc.

*January 18 — January 31, 1888.*

*Public lands: Annulment of patent by commissioners: Certiorari: Quashing writ on motion to quash return.*

1. Any order of the commissioners of public lands, under sec. 230, R. S., whether it affects a certificate or patent, contains in it no element of conclusiveness, is not a verity, and does not operate as an estoppel or a bar to any one claiming the land. It cannot, therefore, be reviewed upon writ of *certiorari.*

2. A motion to quash the return to a writ of *certiorari* reaches back, like a demurrer, to the relation or petition for the writ, and the writ itself may be quashed thereon.

CERTIORARI to the Commissioners of the Public Lands. The facts are stated in the opinion.

*H. W. Chynoweth,* for the relator.

The *Attorney General,* for the respondents.

LYON, J. *Certiorari* to the commissioners of public lands to bring up for review their action in annulling a certain patent for 120 acres of swamp land theretofore issued by them to the relator under ch. 15, R. S., as a pre-emptor of such lands.

The return of the commissioners to the writ of *certiorari* need not be stated at length. It shows that upon notice to

the relator, and after a hearing, they annulled the patent in question for alleged fraud in obtaining it. The relator moves to quash the return, claiming that the annulling of the patent for fraud is the exercise of judicial power, which the legislature has not conferred, and cannot confer, upon the commissioners. The latter claim they have power to annul the patent.

The statute under which the commissioners assumed to annul the relator's patent is sec. 230, R. S., which provides that "in case of the sale of any public lands, made by mistake, or not in accordance with law, or obtained by fraud, such sale shall be void, and no certificate of purchase or patent issued thereon shall be of any effect, but the holder of any such certificate or patent shall be required to surrender the same to the commissioners." This section was considered and construed by this court in the cases of *Gough v. Dorsey,* 27 Wis. 119; *Gunderson v. Cook,* 33 Wis. 551; and *State ex rel. Anderson v. Timme,* 60 Wis. 344. The result of these cases is that the powers conferred upon the commissioners by sec. 230 are not judicial powers within the constitutional meaning of that term. The reason why they are not, as given in *Gough v. Dorsey,* is that the acts of the commissioners under that statute are not binding or conclusive upon any one, but such powers are given to facilitate the convenient transaction of business in the state land department, and the exercise thereof is always subject to review and correction in the courts in collateral actions. This is equivalent to holding that such a decision binds no one, and is not an obstacle to the assertion of his interest by any person claiming an interest in the land affected thereby, in any appropriate action. In *Gough v. Dorsey,* DIXON, C. J., said: "The exercise of a summary jurisdiction of the kind by the commissioners may be often very useful, and, subject to review and correction in the courts, the objection to it does not seem insuperable. The process of

judicial investigation, while it has the advantage of greater care and deliberation, and consequently of greater certainty in attaining correct results, has also the disadvantage of many times being very slow.   In the very numerous transactions of the school land office, cases may not be unfrequent where delay would be most injurious.   The cases may be plain ones, and prompt determination required. They may be such that no judicial examination will be advised or sought, but the decision of the commissioners accepted as correct.   In such cases the benefits of the summary·mode of proceeding are manifest, and the evils disappear when it is known that the judicial remedy is open to any person feeling himself aggrieved by the action of the commissioners.   And the giving of such power is in harmony with what has been the general practice of our government, both state and national, in this respect.   .   .   And in all cases it has been held, we believe, where no appeal is directly given, that the proceedings of such officers, so far as they act judicially, are subject to review and correction in any proper action instituted between the parties in interest."

In that case the action was ejectment.   The defendant had purchased the land in controversy from the school land commissioners, who subsequently canceled the purchase and issued a patent for such land to the plaintiff.   The defendant set up his equitable title under his purchase, and his defense prevailed in the action.

In *Gunderson v. Cook*, the same doctrine is recognized. The plaintiff held a certificate of school land, which the commissioners annulled, and patented the same land to the defendant.   The court refused to sustain the equitable action to cancel such patent, on the express ground that the plaintiff, who was not in possession of the land, might have his remedy against the defendant in an action of ejectment, and that the validity or invalidity of the order of the commissioners might be determined in that action.

*State ex rel. Anderson v. Timme* holds, on the authority of *Gough v. Dorsey*, that the refusal of the commissioners to issue a patent to the holder of a certificate of purchase of state land is not a judicial act.

These cases establish the doctrine that any order of the commissioners under sec. 230, whether it affects a certificate or a patent, contains in it no element of conclusiveness, is not a verity in any sense, and does not operate as an estoppel or a bar to any one claiming the land. We are aware of no principle of law by which a determination of any tribunal so entirely wanting in efficacy and so barren of results can be reached by *certiorari*. The function of that writ is to bring up for review determinations of inferior tribunals which, if allowed to stand, will prejudice the rights of, or work mischief to, somebody. We have here no such case.

The motion to quash the return operates as a general demurrer thereto. Under a familiar rule the demurrer reaches back to the relation or petition for the writ, if that is defective. Such petition shows that the relator complied with the statute in all respects, and that the patent which the commissioners annulled was legally issued to him; yet, because the annulment thereof does not conclude him, or in any manner affect his right to assert his title to the land in any appropriate action just as effectively as though the patent had not been so annulled, the petition fails to show a proper case for the issuing of a writ of *certiorari*.

It follows that the demurrer to the return must be sustained as a demurrer to the relation or petition, and that the writ of *certiorari* herein must be quashed.

*By the Court.*— It is so ordered.