JOHN GOULDEY v. CITY COUNCIL OF ATLANTIC CITY.

---

ISAAC WIESENTHAL v. JOHN GOULDEY.

---

ISAAC WIESENTHAL v. CITY COUNCIL OF ATLANTIC CITY.

Submitted March 20, 1899—Decided June 12, 1899.

1. Under the charter of Atlantic City (*Pamph. L.* 1866, *p.* 314) the city council must elect or appoint all the subordinate officers of the city whose election or appointment is not otherwise provided for by the

charter, and cannot delegate its power of election or appointment to any other body.

2. Only the city council can appoint a chief engineer of the fire department, and the selection of such an officer by the fire companies, in pursuance of the provisions of a city ordinance, has no legal force.

3. All deliberative assemblies have a right, during the same session, to reconsider any vote that they may have taken, and only the final result is operative.

4. The doings of a body which has no legal powers to exercise and no legal duties to perform, can neither be reviewed by *certiorari* nor controlled by *mandamus*.

5. On dismissing a rule to show cause why a *mandamus* should not issue, no costs can be awarded.

On *mandamus.*   On *certiorari.*

Before Justices DIXON and LUDLOW.

For John Gouldey, *John S. Westcott* and *Samuel E. Perry.*

For Isaac Wiesenthal, *Clarence L. Cole.*

For the city council, *Godfrey & Godfrey.*

The opinion of the court was delivered by

DIXON, J.   In pursuance of an ordinance of the council of Atlantic City, forty delegates, from the eight companies comprised in the fire department, met in convention on January 10th, 1899, to choose a chief engineer. Having adopted a rule that a majority of the complete delegation should be necessary to a choice, the convention proceeded to balloting. On the twenty-third ballot the chairman, being informed by the tellers that Isaac Wiesenthal had received twenty-two votes, declared him elected; but immediately afterwards, on discovering that forty-one votes had been cast, he withdrew that declaration, decided that the ballot was illegal and ordered further balloting. From this action no appeal was made, and on the next ballot forty votes were cast, of which John Gouldey received twenty-one. Thereupon the chairman declared Gouldey to be elected, and the convention, without

a dissenting vote, ordered its officers to certify his election to the council for confirmation, and such a certificate was accordingly made.

These facts give rise to the present controversies, one design of which is to command the council to confirm Gouldey's election; another is to set aside the certificate of Gouldey's election, and the third is to command the officers of the convention to certify to the council the election of Wiesenthal.

We think none of these designs can be effectuated.

The ordinance in question, which derives its validity from the chartered authority to pass ordinances for the prevention and suppression of fires, makes the position of chief engineer a municipal office, having a fixed term, definite duties and a stated annual salary. The sixth section of the charter (*Pamph. L.* 1866, *p.* 314) gives the council power to elect and appoint all the subordinate officers of the city, as well those named in the act whose appointment or election is not there provided for, as those not named in the act and who may in the opinion of the council be necessary for the ordering and governing of the city, for the preservation of its health or its convenience and safety. In *Volk* v. *Newark*, 18 *Vroom* 117, a provision almost identical with this was held applicable to the appointment of a captain of police. As clearly it applies to the appointment of a chief engineer, thus designated in the ordinance and recognized in the charter as an officer. *Stewart* v. *Freeholders of Hudson*, 32 *Id.* 117, 118, and cases cited. This power to elect or appoint, conferred by the charter on the council, cannot be delegated by the council to any other body (*Winants* v. *Bayonne*, 15 *Id.* 114), nor can the council, by ordinance or otherwise, divest itself or its successors of the power and the corresponding duty to exercise the power in substantial accordance with the purpose of the laws. *Volk* v. *Newark, supra; Horan* v. *Lane*, 24 *Vroom* 275; *Water Commissioners* v. *Cramer*, 32 *Id.* 270.

It follows from these considerations that the duty of the council is to select a chief engineer independently; that it is

under no obligation to appoint Mr. Gouldey, and therefore a *mandamus* directing it to do so cannot be allowed.

It follows, also, that the convention of delegates was a body having no legal *status*, incapable of affording to the person of its choice any legal claim to, or advancement toward, the office of chief engineer. The legal effect of its action was no greater than would have been that of any other meeting of citizens. Having no legal powers to exercise, nor legal duties to perform, its doings can neither be reviewed by *certiorari* nor controlled by *mandamus*. *Watson* v. *Medical Society*, 9 *Vroom* 377 ; *Drake* v. *Plume*, 15 *Id.* 362 ; *State* v. *Jacobus*, 2 *Dutcher* 135.

But, even if we should regard this convention as one having a legal *status*, we would find nothing unlawful in the certificate that Gouldey had been chosen. All deliberative assemblies have a right, during the same session, to reconsider any vote which they may have taken, and only the final result is operative. *State* v. *Foster*, 2 *Hal.* 101 ; *State* v. *Justice*, 4 *Zab.* 413 ; *Shreve* v. *Crosley*, 7 *Vroom* 425 ; *Baker* v. *Cushman*, 127 *Mass.* 105. When, therefore, the convention acquiesced in the chairman's withdrawal of the announcement which he had made on partial information, and in his decision that the twenty-third ballot was illegal, and proceeded to ballot again, it in effect reconsidered its former action, even if that action showed Wiesenthal to have been selected, and thereupon the convention finally chose Gouldey. The certificate of that choice was the true expression of the result attained.

The *certiorari* should be dismissed and the rules for *mandamus* should both be discharged.

In the *certiorari* proceedings the defendants are entitled to costs. In the *mandamus* proceedings no costs can be awarded. *Hopper* v. *Freeholders of Bergen*, 23 *Vroom* 313.