THE STATE EX REL. SCHAEFER, Respondent, vs. SCHROFF, City Clerk, Appellant.

*September 30—October 18, 1904.*

*Intoxicating liquors: License: Certiorari: When writ will be issued: Collateral attack.*

1. Where the record of proceedings of a common council disclosed that the whole proceeding was an inquiry and attempt to decide upon the question whether a license to sell intoxicating liquors was valid originally, or void by reason of fraud perpetrated upon the council in obtaining it, such proceeding is not an attempt to exercise the jurisdiction conferred upon the council by sec. 1558, Stats. 1898 (authorizing the revocation of a license, valid at its inception, but which, by reason of subsequent misconduct, the council is authorized to recall).

2. In such case, it is not necessary to consider whether the council acquired jurisdiction under sec. 1558, Stats. 1898,, or, by improper proceeding, lost such jurisdiction.

3. Under an ordinance of the city of Racine the consent of certain neighbors was a condition precedent to the granting of a license to sell intoxicating liquors. After the granting of such a license it was assailed because such consents were obtained

by fraud and misrepresentation, whereupon the council adopted a resolution declaring such license void for those reasons. *Held*, that the license was not invalid by ·reason of such resolution.

4. In such case, the resolution was not subject to review on *certiorari*, since in the absence of any charter or statutory authority for the action of the common council it concluded no one, but· might be attacked collaterally, and wholly disregarded by the forum in which the validity of the license might be presented for consideration and discussion.

5. A writ of *certiorari* should not issue to revoke the action of a common council when such action is so entirely beyond its jurisdiction as to be innocuous, and if issued should be dismissed upon the filing of the return.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Reversed.*

The relator obtained an ostensible license in July, 1903, to sell liquor in a part of the city of Racine, where an existing ordinance required the consent of certain neighbors as a condition precedent. In October it was represented to the council that such consents had been obtained by fraud and misrepresentation, and reversal of their action in granting the license was prayed; whereupon the council caused notice to be given to the relator to appear and show cause why his license should not be declared void for the specified reasons. Thereafter, in December, after some hearing and investigation, the council adopted a resolution that said license "be and is hereby declared void and of no effect, and that the city clerk be and hereby is ordered to notify said *Leonard Schaefer* of the adoption of this resolution, and, further, that the money tendered by said *Leonard Schaefer* will be returned to him." The relator sued out writ of *certiorari* to review the validity of this ·resolution, to which return was made by the respondent as city clerk, showing substantially the situation above stated. The circuit court held, as matter of law, that the council had no jurisdiction or power to declare said license void, except upon the grounds and by the procedure specified by sec. 1558, Stats. 1898, for a revoca-

tion, and ·entered judgment reversing, annulling, vacating, and setting aside the resolution of the council.

*M. E. Walker,* for the appellant.

For the respondent there was a brief by *Kearney, Thompson & Myers,* and oral argument by *W. D. Thompson.*

DODGE, J.    We deem it entirely plain, upon inspection either of the return or petition, that the council was in no wise attempting to exercise the jurisdiction conferred upon it by sec. 1558, Stats. 1898, to revoke a license, valid at its inception, but which, by reason of .subsequent misconduct, the common council is authorized to recall.    The petition of neighbors, the notice to *Mr. Schaefer,* the facts investigated, and the final resolution mark an inquiry and attempt to decide upon the question whether the license was valid originally, or void by reason of fraud perpetrated upon the council in obtaining it.    Hence we need not consider whether the council acquired jurisdiction to act in revocation of this license under sec. 1558, or, by improper proceeding, lost such jurisdiction. The act done was to declare that the license was, and always had been, void.    And it may be conceded to the relator that there is much in the record indicating the idea, both on the. part of the petitioners and on the part of the council, that such resolution might have conclusive effect as an adjudication of the invalidity of the license.    As relator urges, however, there is nowhere in the statute or charter any authority given to the city council to make any such decision.    Of course, there is an inherent power in the city to investigate, and to reach conclusion as to the attitude which it will take—whether to contend for the invalidity of such a license or not to make such contention; just as there is the right in any individual to investigate facts, and make up his own mind as to his attitude with reference to the legal validity of an act done by him. But, in absence of some authority of law, the city council could go no further.    The license was neither more nor less

valid by reason of the resolution here assailed. Such resolution concluded no one, and might not only be attacked collaterally, but wholly disregarded by any forum in which the validity of the license might be presented for consideration and decision. To this view both parties accede, and of its correctness we can have no doubt. As a result, however, it is obvious that it does no injury to the relator. It took away no right which he previously had. Its utmost effect was to notify him that the council purposed to contend that his ostensible license was invalid. But, if that question was ever presented in a judicial forum for investigation or decision, his right to have the same tried as an independent and original one was not in any respect affected by the decision. *Certiorari* is a discretionary writ, which should issue only when necessary to prevent injustice or unlawful injury. Courts will not concern themselves, by this extraordinary writ, to declare the invalidity of nonjurisdictional acts when the relator suffers no injury thereby. *Knapp v. Heller,* 32 Wis. 467; *State ex rel. Schintgen v. Mayor,* 101 Wis. 208, 77 N. W. 167. In both of these cases the issue of the writ by circuit court was reviewed, and reversed on the ground that the cases presented failed to show equity in the relator; hence, that the issue of the writ was an abuse of the discretion of the lower court. In *State ex rel. Anderson v. Timme,* 70 Wis. 627, 36 N. W. 325, on an application to the original jurisdiction of the supreme court for a writ of *certiorari,* it was decided that the writ should not be issued, because the action of the land commissioners in investigating and declaring void a land patent was so entirely beyond their jurisdiction as to be wholly innocuous. Complete analogy exists between the action of the land commissioners there considered and the action of the council now before us; at least from the standpoint of the relator. The action in each case was wholly without jurisdiction, could be of no possible force save as the mere gratuitous declaration of the opinion of the body from which

it emanated, or at most a notification of that opinion and of their intended attitude; in one case toward the patent, in the other toward the license. We deem the reasoning of that case conclusive here—that it would be so needless an exercise of a court's power to review and pass upon the validity of that declaration that no court, in the proper exercise of its discretion, should issue its extraordinary writ of *certiorari*. Upon the same reasons it became the duty of the court, having issued the writ, upon being perhaps further enlightened as to the situation by the return, to have dismissed the proceedings.

*By the Court.*—Judgment reversed, and cause remanded with directions to quash the writ and dismiss the proceedings.