MANUEL CORTÉS NIEVES ET AL., Plaintiffs and Appellees, *v.* JOSÉ RIVERA ET AL., Defendants and Appellants.

No. 5351.  Argued June 27, 1930.—Decided July 10, 1930.

*Cayetano Coll y Cuchí* for appellants.  *R. Agrait Aldea* and *A. Reyes Delgado* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Sections 20 and 83, in part, of the Municipal Law (Session Laws of 1928, pp. 334, 350 and 398), provide:

"Section 20.—That should it be impossible to hold any session of the assembly for lack of quorum, the members present may compel the absentees to appear, by a written order to any marshal or chief of police for the arrest and conduction of such absentees to the session hall, save in case of physical disability satisfactorily proven. If notwithstanding the arrest such member insists on absenting himself, his office shall be declared vacant."

"Section 83.—That on motion of the aggrieved party, the district court shall have jurisdiction—

"(a) To annul or review by writ of certiorari any legislative or administrative act of the municipal assembly, board of administra-

tion, mayor or other municipal official, which infringes the constitutional rights of the complainants or which is contrary to the Organic Act or to the laws of Porto Rico."

The Mayor of Arecibo called a special session of the Municipal Assembly for the 24th and 25th of May, 1930. The assembly was composed of ten members. It convened on the 24th and adjourned to the 25th. On the 25th it reconvened pursuant to adjournment, transacted certain business, and, by a vote of eight to two, adjourned *sine die.* Thereupon the eight members who had voted in favor of the adjournment left the hall. The other two members, José Rivera and Rafael Lugo, then issued an order for the arrest of the eight who had retired.

The order of arrest purported to have been issued by virtue of the authority conferred upon "the members present" by the terms of section 20, *supra.* The eight "absentees," when brought into the hall under arrest, declined to take their seats, and their offices were declared vacant.

José Rivera and Rafael Lugo appeal from an order of the district court, entered in a certiorari proceeding, annulling the action taken by these two members of the municipal assembly while professing to act as such assembly, and say that the district court erred in overruling a motion to quash the writ.

The theory of appellants is that, under section 83, *supra,* the writ of certiorari can issue only to review the action of a legally constituted municipal assembly; that the action taken by two members of the assembly, after final adjournment thereof, is not the action of the assembly, and, therefore, is not subject to review by certiorari; and that this difficulty is not obviated by the circumstance that the two members acted, or professed to act as a municipal assembly.

In support of this contention, counsel quotes from *State* v. *City Council,* 42 Atl. 852, and from *State* v. *Schaeffer,* 100 N. W. 1030.

The first of these two extracts reads thus:

"It follows, also, that the convention of delegates was a body having no legal status, incapable of affording to the person of its choice any legal claim to, or advancement towards, the office of chief engineer. The legal effect of its action was no greater than would have been that of any other meeting of citizens. Having no legal powers to exercise, nor legal duties to perform, its doings can neither be reviewed by certiorari nor controlled by mandamus. Watson v. Society, 38 N. J. Law, 377; Drake v. Plume, 44 N. J. Law, 362; Vreeland v. Jacobus, 26 N. J. Law, 135."

The second is as follows:

"In State ex rel. Anderson v. Timme,. 70 Wis. 627, 36 N. W. 325, on an application to the original jurisdiction of the Supreme Court for a writ of certiorari, it was decided that the writ should not be issued, because the action of the land commissioners in investigating and declaring void a land patent was so entirely beyond their jurisdiction as to be wholly innocuous. Complete analogy exists between the action of the land commissioners there considered and the action of the council now before us; at least from the standpoint of the relator. The action in each case was wholly without jurisdiction, could be of no possible force save as the mere gratuitous declaration of the opinion of the body from which it emanated, or at most a notification of that opinion and of their intended attitude; in one case toward the patent, in the other toward the license. We deem the reasoning of that case conclusive here—that it would be so needless an exercise of a court's power to review and pass upon the validity of that declaration that no court, in the proper exercise of its discretion, should issue its extraordinary writ of certiorari."

The authorities so relied upon prove too much. Perceiving this, appellees insist that the appeal should be dismissed.

Section 294 of the Code of Civil Procedure provides that—

"Any party aggrieved may appeal in the cases prescribed in this code. . ."

If the two assemblymen who remained in the hall and continued to act after adjournment constituted "a body having no legal status," if "The legal effect of its action was no greater than would have been that of any other meeting of citizens," if it had "no legal powers to exercise,

nor legal duties to perform," if its action was "wholly innocuous," if such action "could be of no possible force," and if "it would be so needless an exercise of a court's power to review and pass upon the validity of that declaration that no court, in the proper exercise of its discretion, should issue its extraordinary writ of certiorari," the annulment by the district court of such "wholly innocuous" action must be deemed equally innocuous. In the instant case, there was no award of costs. Appellants have no legal interest or right that could be affected in any way either by an affirmance or by a reversal of the judgment. They were not "aggrieved" within the meaning of section 294, *supra,* and have no right to demand a review of the proceedings which culminated in a final judgment below.

The appeal will be dismissed.