Manuel Cortés Nieves, Santos Pérez, José Toledo García, Teodoro Villanueva, Tomás García, Ernesto Viñas, Alfredo Martínez y Serafín Orama, demandantes y apelados, *v.* José Rivera y Rafael Lugo, actuando como Asamblea Municipal de Arecibo, demandados y apelantes.

No. 5351.—*Sometido:* Junio 27, 1930. *Resuelto:* Julio 10, 1930.

*Cayetano Coll y Cuchí,* abogado de los apelantes; *R. Agrait Aldea* y *A. Reyes Delgado,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Los artículos 20 y 83 en parte, de la Ley Municipal, Leyes de 1928, 335, 351, 399, disponen:

"Artículo 20.—Si cualquiera sesión de la Asamblea Municipal no pudiere celebrarse por falta de quorum, los miembros presentes podrán compeler a los ausentes a que comparezcan, ordenando por escrito a cualquier Márshal, o Jefe de Policía a que los arreste y conduzca al salón de sesiones, salvo en el caso de imposibilidad física, comprobada satisfactoriamente. Si a pesar del arresto, persistiere el miembro en ausentarse, se declarará vacante su puesto."

"Artículo 83.—Las cortes de distrito tendrán jurisdicción a instancia de parte perjudicada:

"(a) Para anular o revisar cualquier acto legislativo o administrativo de la Asamblea Municipal, de la Junta Administrativa, del Alcalde o de los demás funcionarios municipales que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o a las leyes de Puerto Rico, mediante *certiorari;* . . . "

El Alcalde de Arecibo convocó una sesión extraordinaria de la asamblea municipal para el 24 y el 25 de mayo de 1930. La asamblea estaba compuesta de diez miembros. Se reunió el 24, y acordó levantar su sesión hasta el día siguiente. Volvió a reunirse el 25 en cumplimiento del acuerdo, efectuó ciertos trabajos, y, por una votación de ocho contra dos, dió por terminada la sesión *sine die.* Luego, los ocho miembros que habían votado en favor de la suspensión abandonaron la sala de sesiones. Los dos miembros restantes, José Rivera y

Rafael Lugo, expidieron entonces una orden de arresto contra los ocho que se habían retirado.

La orden de arresto pretendía haber sido librada a virtud de la facultad conferida a ''los miembros presentes'' por los términos del artículo 20, *supra*. Los ocho ''ausentes,'' al ser traídos bajo arresto al salón, se negaron a ocupar sus escaños, y sus cargos fueron declarados vacantes.

José Rivera y Rafael Lugo apelan de una orden de la corte de distrito, dictada en un procedimiento de *certiorari*, anulando el proceder de esos dos miembros de la asamblea municipal profesando actuar como tal asamblea, y alegan que la corte de distrito erró al desestimar una moción solicitando se anulara el auto.

La teoría de los apelantes es que, a tenor del artículo 83, *supra,* el auto de *certiorari* sólo procede para revisar las actuaciones de una asamblea municipal legalmente constituída; que la actitud asumida por dos miembros de la asamblea después de la suspensión final de sus trabajos, no es la actitud de la asamblea, y, por tanto, no está sujeta a revisión por *certiorari;* y que esta dificultad no queda obviada por la circunstancia de que los dos miembros actuaron, o pretendieron actuar, como una asamblea municipal.

En apoyo de esta contención, el señor letrado cita del caso de *State* v. *City Council,* 42 Atl. 852, y de *State* v. *Shaeffer,* 100 N. W. 1030.

El primero de esos dos extractos lee como sigue:

''Se desprende, además, que la convención de delegados era un cuerpo carente de *status* legal, que no podía proporcionar a la persona objeto de su selección ningún derecho o título legal al puesto de primer ingeniero. El efecto legal de su proceder no tenía más peso que el de cualquiera otra reunión de ciudadanos. No teniendo facultades legales que ejercer, ni deberes legales que desempeñar, sus actuaciones no pueden revisarse por *certiorari* ni refrenarse por *mandamus*. *Watson* v. *Society,* 38 N.J. Law, 377; *Drake* v. *Plume,* 44 N.J. Law, 362; *Vreeland* v. *Jacobus,* 26 N.J. Law, 135.''

El segundo es así:

"En *State ex rel. Anderson* v. *Timme,* 70 Wis. 627, 36 N.W. 325, en una solicitud de *certiorari* dirigida a la jurisdicción original de la Corte Suprema, se resolvió que debía denegarse la expedición del auto porque la actuación de los comisionados de terrenos al investigar y declarar nula una patente sobre tierras estaba tan fuera de su jurisdicción que era enteramente innocua. Existe completa analogía entre la actuación de los comisionados allí discutida y el proceder del concejo que ahora nos concierne; por lo menos desde el punto de vista del querellante. En ambos casos lo actuado lo fué completamente sin jurisdicción, no podía tener fuerza posible salvo la mera declaración gratuita del criterio del organismo de que emanó, o, a lo sumo, la notificación de ese criterio y de la actitud proyectada; en un caso, con respecto a la patente: en el otro, en cuanto a la licencia. Consideramos concluyente para el presente caso el razonamiento de aquél—que el revisar y considerar la validez de esa declaración constituiría un ejercicio tan innecesario de la facultad de un tribunal, que ninguna corte, en el debido ejercicio de su discreción, debe expedir el remedio extraordinario de *certiorari.*"

Las autoridades en que así se ha buscado apoyo prueban demasiado. Percibiendo esto, los apelados insisten en que la apelación debe ser desestimada.

El artículo 294 del Código de Enjuiciamiento Civil dispone que:

"Cualquier parte agraviada por una resolución judicial podrá apelar en los casos previstos en este código . . . . "

Si los dos asambleístas que permanecieron en el salón y continuaron actuando después de haberse dado por terminada la sesión constituían "un cuerpo carente de *status* legal,," si "el efecto legal de su proceder no tenía más peso que el de cualquiera otra reunión de ciudadanos," si no tenía "facultades legales que ejercer, ni deberes legales que desempeñar," si su actuación era "enteramente innocua," si ese proceder "no podía tener fuerza posible," y si el revisar y considerar la validez de esa declaración constituiría un ejercicio tan innecesario de la facultad de un tribunal, que ninguna corte, en el debido ejercicio de su discreción, debe

expedir el remedio extraordinario de *certiorari,"* la anulación por la corte de distrito de una actuación tan "enteramente innocua" debe considerarse igualmente inofensiva. En el caso de autos, no hubo condena en costas. Los apelantes no tienen ningún título o derecho legal que pudiera ser afectado en forma alguna, bien por la confirmación o por la revocación de la sentencia. Ellas no son "parte agraviada," dentro del significado del artículo 294, *supra,* y no tienen derecho a impetrar la revisión de los procedimientos que culminaron en una sentencia final en la corte inferior.

*Debe desestimarse la apelación.*