### JOSEPH E. DAVIS v. THOMAS FREELAND'S LESSEE.

1. EVIDENCE: EJECTMENT: CERTIFICATE OF ENTRY.—The Statute of 1822, (Hutch. Dig. 858,) makes a certificate issued in pursuance of an Act of Congress, by any legally authorized officer, for the purchase or entry of any lands belonging to the United States, sufficient evidence of title to maintain an action of ejectment; but it can only have such effect, when it has been regularly issued and remains in full force and uncancelled.

2. SAME.—The plaintiff's lessor offered in evidence, to maintain his action of ejectment, a certificate of entry of the land in controversy, signed by a register of a land office of the United States; on the certificate was indorsed "suspended for want of township plat:" it also appeared that the certificate had been deposited in the land office at Washington city, and was, by the commissioner of the land office, sent to the plaintiff's lessor, to be used for the purpose of testing his right to the land in the courts of this State; and further, that the commissioner of the land office had directed that the certificate be returned to him: *Held*, that the certificate appearing never to have been issued with a view of vesting a title in the purchaser named in it, was not, under the statute, evidence of plaintiff's title in an action of ejectment.

3. EVIDENCE: AN AUTHENTICATED COPY OF LETTER OF COMMISSIONER OF THE LAND

OFFICE ADMISSIBLE.—A letter of the commissioner of the general land office, in relation to the title to lands entered from the United States Government, may be proved by an authenticated copy.

IN error to the Circuit Court of Warren county. Hon. Richard Barnet, judge.

The facts necessary to be stated will be found in the opinion of the court.

This cause was first argued and submitted in this court, at the April term, A. D. 1855, and was, at the same term, reversed. A petition for a re-argument was filed, and a re-argument granted. It was again argued and submitted at the April term, A. D. 1856. At the present term, the opinion of this court was delivered on the re-argument, it being the same as that delivered on the first argument of the cause.

*H. J. Harris,* for plaintiff in error,

Upon the points discussed in the opinion of the court, contended: First. The certificates of entry were improperly admitted in evidence. They were never legally issued, and had been cancelled, and were no evidence of title. *Edward's Lessee* v. *Darby,* 12 Wheat. 210; *Dickinson* v. *Brown,* 9 S. & M. 130. Second. The authenticated copy of the letter of the commissioner of the general land office, was competent evidence.

*Yerger* and *Anderson,* for defendant in error.

HANDY, J., delivered the opinion of the court.

This was an action of ejectment brought in the Circuit Court of Warren county, by the defendant in error, in which a verdict and judgment were rendered in his favor.

In the progress of the trial many questions were raised, and decided by the court, and exceptions taken thereto. But we deem it necessary to consider only the question which lies at the threshhold of the case, which is, whether the plaintiff's lessor showed a sufficient legal title to enable him to recover in ejectment.

In support of his title, the plaintiff offered in evidence, two certificates of purchase, signed by the register of the land office of the United States, at Washington, in this State, dated 18th March, 1830, embracing two hundred and forty acres of the land

in controversy, and certifying that the same had been purchased by Thomas Freeland, at that office, and that he had paid the purchase-money; also, another certificate, dated 13th August, 1831, of the register of the land office west of Pearl river, of the like tenor, to Thomas Freeland, for another parcel of the land in controversy; also, a certificate of the register of the land office at Washington, in this State, dated 30th March, 1825, certifying that William L. Chew had purchased at that office, certain other lands, (part of those in controversy,) and that Thomas and Augustine Freeland, assignees thereof, had availed themselves of the Act of Congress, and settled the account for that purchase, and were entitled to receive a patent from the general land office, on presentation of the certificate.

On the several certificates the following indorsement in writing appears, "*Suspended for want of township plat.*"

The defendant objected to the admission of these certificates, because of the indorsements thereon, and in support of the objection read an affidavit made by the plaintiff's lessor, and filed among the papers in the cause, stating, in substance, that he had been notified by the register to call and get his money for the purchase of the lands in controversy, because of an order from the commissioner of the land office at Washington city, whereupon he commenced a correspondence, in order to have the matter investigated at Washington, and was assured by the commissioner of the land office, that no patent should be issued for the land until the courts of Mississippi had decided the rights of the claimants; that previous to this, Freeland's counsel had written to the commissioner at Washington to send the original certificates of entry, inasmuch as the courts of this State had decided that the copies of said certificates were not legitimate evidence, and in accordance with that request, "*the certificates were sent for the purpose of being used in the trial of the case before the courts of Mississippi.*"

The objection was overruled, and the certificates read, the defendant excepting.

This was in substance all the evidence of the title of the plaintiff.

The defendant then offered in evidence a copy of a letter of

instruction, duly certified under the seal of the general land office at Washington city, addressed by the commissioner of the general land office to the register and receiver of the land office in Mississippi, dated March 4th, 1846, directing the return of the certificates relied on in support of the plaintiff's title, to the general land office, to be cancelled, and directing that notice should be given to the parties interested under them, to file their applications for the repayment of the purchase-money.

This evidence was objected to by the plaintiff, and the objection sustained, the defendant excepting.

Under this state of facts the question arises, whether the certificates offered in evidence in support of the plaintiff's title, passed the legal title to the lands in controversy.

It has been frequently held by this court that, under the provisions of the statute of 1822, (Hutch. Dig. 858,) a certificate issued in pursuance of any act of congress, by any legally authorized officer, for the purchase or entry of any lands belonging to the United States, was sufficient evidence of title to maintain an action of ejectment. *Henderson* v. *Lindsey*, 27 Miss. 502. But it can only have such an effect when it has been regularly "*issued*" and remains in full force and uncancelled. It is not the highest evidence of title, and was probably only intended to be used as a substitute for the patent, where the patent had not been obtained, and where no reason was shown why the patent should not be issued. And it is the practice of the government of the United States, under the opinion of the attorney-general, to suspend the issuing of the patent where it appears that the certificate has been obtained by fraud, or was founded on material error of fact or of law, until the decision of the judiciary or the direction of congress can be obtained. 2 Pub. Land Laws, 86.

In this case, it does not appear that the certificates offered in evidence were *issued* to the plaintiff's lessor as evidences of title. On the contrary, it is shown by his own affidavit that they were not in his possession, but were in the keeping of the general land office at Washington, indorsed "*suspended*," and were permitted to go out only for the purpose of being used in the trial of this suit. Surely this, of itself, is sufficient to show that these certificates were not *issued* to the plaintiffs so as to have the effect of

passing the legal title, or of constituting evidence of such title in him. And if there could be any doubt upon this point, it must be removed by the evidence offered by the defendant, showing the action of the general land office upon the subject. It appears by that evidence, that the commissioner of the general land office directed the register and receiver to return these certificates to that office to be cancelled, which appears to have been done accordingly; and that the plaintiff's lessor should be notified to make application for the purchase-money, which notice appears to have been given. It is manifest from that, that there was some serious difficulty in the way of granting the legal title, or any evidence of it, to the plaintiff's lessor, and that nothing having that effect was intended to be granted.

It is objected, that this letter of the commissioner of the land office is incompetent evidence, because it was not properly proved. But if it were not competent evidence upon general principles, as we are inclined to think it is, it is rendered competent by the Act of January 23, 1823, (1 Land Laws, 357,) making authenticated copies of papers filed in the treasury department (of which the general land office is a part) affecting the title to lands, competent evidence.

But apart from this letter, the other evidence sufficiently shows that the certificates were not *issued* to the plaintiff's lessor, and in full legal force so as to vest the legal title in him.

To this view it may be objected, for what purpose were the certificates furnished to the plaintiff's lessor if they were not intended to be used as evidences of his legal title? It might be a sufficient answer to this to say, that we are only called upon to determine the legal effect of facts as they are proved, upon the rights of the parties; and that it does not appear, by the evidence, that these certificates were actually issued and delivered to the plaintiff's lessor in such manner as to constitute evidence of legal title in him. But the officer of the government, in all probability, permitted the use of the certificates, not as certificates issued to the plaintiff's lessor, but as part of the history of the controversy between the parties in relation to the lands, and in order that the right to the land might be settled by the judgment of the proper court. Such evidence might have been important in a suit in

equity to settle which of the parties had the better right to the land. In such a suit they would probably have only been considered as showing the equity of the plaintiff's claim; and we cannot suppose, under the circumstances appearing in this case, that it could have been intended to give any greater effect to them than this, by permitting the plaintiff's lessor to have the use of them.

Under this view of the case, we think that the plaintiff failed to show any legal title in himself, and that the court erred in granting the first instruction asked by the plaintiff.

The judgment is, therefore, reversed, and the cause remanded for a new trial.