## CASEY v. VASSOR et al.

*(Circuit Court, D. Nebraska.   July, 1882.)*

PUBLIC LANDS—JURISDICTION OF LAND OFFICERS.
     The courts will not, by reason of their jurisdiction of the parties to a cause, determine their respective rights to enter or purchase from the United States a tract of the public land, when the controversy between them remains pending before the land department of the government; nor will they pass a decree that will render void a patent when issued.   *Marquez v. Frisbie,* 101 U. S. 473, applied.

In Equity.   On demurrer to bill.

The complainant in her bill alleges that she is a *bona fide* settler upon 80 acres of the public land situated within the Sac and Fox reservation in Richardson county, Neb.; that she became an actual settler and occupant upon said land with the intent of purchasing from the United States, and becoming the owner thereof, under an act of congress authorizing its sale, approved August 15, 1876, (19 St. p. 208;) that said land was duly appraised, as required by said statute, at $5 per acre; that complainant, on the 21st day of June, 1878, made the requisite proof before the register and receiver of the land office at Beatrice, Neb., and that she then paid to the receiver of said land office the sum of $133.34, being the first payment of one third of the purchase price, and thereupon she was allowed to enter said land, and received from said officer a certificate

showing the said facts. The bill proceeds to aver the making of improvements and other facts tending to show that complainant was "an actual settler" within the meaning of the statutes. It is further averred that on the 26th of August, 1879, the defendant Vassor served complainant with notice that he would contest her right to enter said land, and that afterwards a trial was had before the register and receiver, who decided in complainant's favor, and held that she was an actual settler; and that thereupon said Vassor appealed from said ruling to the commissioner of the general land office at Washington, by whom the decision below was reversed, and it was declared that Vassor had the right to enter the land. It is alleged that Vassor was not an actual settler, and had no right to enter the land, and that the decision of the commissioner of the general land office was incorrect, and not sustained by law; that complainant has fully complied with the law, and the respondent Vassor has not; that since the commencement of this suit respondents have paid one or more installments upon the land, and now unjustly claim that one or both have the exclusive right to purchase, and that they have expelled complainant from the land, and that defendant Vassor has executed a deed conveying said land to defendant Quinlan, who is charged with notice of complainant's rights. It is not alleged that a patent has been issued to either claimant. The prayer is for decree that complainant has the first, sole, and exclusive right, as against defendants, to enter and become the purchaser of said land, and that whatever right the respondents may have is subordinate and subject to her rights, and held by them simply as trustees for her, and that they be ordered to convey, etc.

C. Gillespie and E. W. Thomas, for complainant.

Manderson & Congdon, for respondents.

McCrary, Circuit Judge. This case falls clearly within the principle announced by the supreme court of the United States in Marquez v. Frisbie, 101 U. S. 473. It is there held, in a case very analogous to the one before us, that a court will not, by reason of its jurisdiction of the parties, determine their respective rights to a tract of land which are the subject-matter of a pending controversy in the land department, nor will it pass a decree which will render void a patent when it shall be issued. Relief in that case was refused because it appeared—"First, that defendants had not the legal title; second, that it was in the United States; and, third, that the matter was still in fieri, and under the control of the land officers." For the same reason we must refuse relief in the present case. The effect of a decree, if one were rendered in accordance with the prayer of the bill, would be to interfere with the officers of the government while in the discharge of their duties in disposing of the public lands, and this the courts will not do. Litchfield v. Register, 9 Wall. 575; Gaines v. Thompson, 7 Wall. 347; Secretary v. McGarrahan, 9 Wall. 298; Marquez v. Frisbie, supra. It is unnecessary to determine the question whether the decision of the land department that complainant was not an actual settler is the decision of a question of fact, and, in the absence of fraud, final and conclusive. The demurrer to the bill is sustained.