# Morrison Brothers & Co. *v.* Coleman.

*Bill in Equity for Injunction against Obstruction of Navigable Stream.*

1. *Navigable stream; allegations of bill for injunction against obstruction.*—When a bill is filed by a riparian proprietor on a running stream which is above tide-water, seeking an injunction against an obstruction of the stream more than two miles above his mill, whereby the floatage of the stream from above is impeded, he must show by specific averments how far up the stream is navigable, or, at least, that it is navigable up to the obstructions complained of, and how long; though it is not necessary to aver or show that it is navigable throughout the entire year.

2. *Receiver's certificate on homestead entry.*—A receipt given by the receiver of a land office of the United States, for money paid in full on a homestead entry (U. S. Rev. Statutes, §§ 2290-97), confers a title which, before the expiration of five years, enables the possessor to maintain or defend an action as owner.

APPEAL from the Chancery Court of Geneva.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 4th March, 1889, by Morrison Brothers & Co., suing as partners, against John T. Coleman; and sought to enjoin and remove obstructions by the defendant in Spring Creek, a tributary of the Choctowhatchie River, more than two miles above the complainants' mill, whereby they were prevented from floating down logs from their lands above, and logs bought from other persons above. After answer filed, the defendant submitted a motion to dissolve the injunction, both on the denials of the answer,

and for want of equity in the bill. The chancellor sustained the motion, and dissolved the injunction; and this decretal order is here assigned as error.

C. H. LANEY, and WATTS & SON, for appellants, cited Angell on Water Courses, §§ 535–37; *Lewis v. Coffee County*, 77 Ala. 190; *Sullivan v. Spottswood*, 82 Ala. 163; *Gerrish v. Brown*, 51 Maine, 256; *Thompson v. Androscoggin Co.*, 54 N. H. 545; *Scott v. Wilson*, 3 N. H. 321; *Rhodes v. Otis*, 33 Ala. 578; 1 Green, Iowa, 348; 31 Maine, 9; 28 Maine, 534; 5 Pick. 199; 1 Pom. Equity, § 217; 1 High Inj. §§ 794-5, 805, 812, 814; *Nininger v. Norwood*, 72 Ala. 277; *Bryant v. Peters*, 3 Ala. 160; 44 Ala. 611; 17 Ala. 667; 56 Ala. 360; 52 Ala. 593; *Grady v. Robinson*, 28 Ala. 289.

STONE, C. J.—The present case raises the inquiry, whether Spring Creek, a tributary of Choctawhatchie River, above the ebb and flow of the tides, is a navigable stream. All the authorities agree that it is *prima facie* unnavigable. It was not meandered in the Government surveys; and being above tide-water, the burden is on him who asserts its navigability, to aver and prove it.

When such stream is, and when it is not navigable, is a question which has been many times before this court. If a navigable stream, then it is a public highway, and may not be obstructed. In *Rhodes v. Otis*, 33 Ala. 578, the question was very elaborately considered, Walker, C. J., delivering the opinion of the court. After collating many authorities, the summing up in that case contained the following language: "It does not appear that the public generally, or any large number of persons, will ever use the stream for such purpose. Indeed the short distance to which the stream can be used [six or seven miles], affords a strong argument that no large number of persons will probably ever use it for floating timber. The stream, even below the mouth of Tallahatta creek, can only be used for floatage in freshets from head water, or from back water from the Tombeckbee river. In case of freshets from head water, it can be used for floating rafts only for a very short time, because the creek, being a very short one, runs down very soon. . . . . The highest estimate of the aggregate of the brief periods when it might be used, for the short distance for floating rafts and logs on account of freshets and back water, is three months. The creek is not shown to have been excepted from the Gov-

ernment surveys. Upon such evidence it can not be said, that Bashi creek is a navigable stream."—*Peters v. N. O., M. & C. R. R. Co.*, 56 Ala. 528; *Walker v. Allen*, 72 Ala. 456; *Sullivan v. Spotswood*, 82 Ala. 163.

In the case of *The Daniel Ball*, 10 Wall. 557, speaking of streams above tide-water, the court said: "A different test must, therefore, be applied to determine the navigability of rivers, and that is found in their navigable capacity. Those rivers must be regarded as public navigable rivers in law, which are navigable in fact. And they are navigable in fact when they are used, or are susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water." In Angell on Water-Courses, § 535, is this language: "All rivers above the flow of tide-water are, by the common law, *prima facie*, private, but when they are naturally of sufficient depth for valuable floatage, the public have an easement therein for the purposes of transportation and commercial intercourse; and, in fact, they are *public highways* by water." This doctrine is amply supported by authority, and nowhere is it, perhaps, better or more clearly expressed than in *Morgan v. King*, 35 N. Y. 454. And we have declared substantially the same doctrine.—*Lewis v. Coffee County*, 77 Ala. 190; *Olive v. State*, 86 Ala. 88.

We declare, as the result of our own rulings and of the weight of authority, that a fresh-water stream above tide-water is navigable and a public highway, when, and only when it is susceptible of being used, in ordinary condition, for a highway of commerce, over which there may be trade, travel, transportation, or valuable floatage. We are not to be understood as affirming that, to be a navigable stream or public highway, it must be susceptible of the enumerated uses for the entire year. Most inland streams contain a greater volume of water in winter than in summer. Our precise meaning is, that for a season, or considerable part of the year, it must contain that depth of water, which fits it for such transportation. It excludes all those streams which have the requisite volume of water only occasionally, as the result of freshets, and for brief periods, as unnavigable, and private property.

The bill in the present case alleges that Spring Creek is a navigable stream and public highway. It alleges further, "that said stream has been used for the purpose above stated,

42

for, to-wit, the floating of saw-logs down said creek to the Choctawhatchie river, a navigable stream flowing across the State of Florida to the Gulf of Mexico, by the public generally, and by orators and their predecessors in title, for a long series of years, viz.: twenty years; and that said stream is navigable at all times, except in seasons of protracted drouth." The bill avers that Coleman, the defendant, had placed obstructions in Spring Creek two and a half miles above complainants' mill, and cut off their right and power to float logs from their lands above the obstruction, down to their mill.

Possibly we might indulge in a criticism of the language copied from the bill. We think, however, that on any construction, the averments of the bill are not sufficiently specific to justify the severe writ of injunction prayed for in this case. Complainants own a mill on Spring Creek near the point where it empties into Choctawhatchie River. The obstruction complained of is two and a half miles above, by the course of the stream. Still above that, complainants own timbered lands bordering on the stream. It is not averred how long Spring Creek is, how far up it is navigable, nor whether its navigability extends above the obstruction Coleman placed in it, or whether it could be, or ever had been used for floating logs above that point. On the most favorable construction for the complainants, the averment of their bill may be true in every part of it, and yet the navigability of Spring Creek may not extend above Coleman's obstruction. It is common knowledge that inland streams, even the largest, have a point above which they cease to be navigable. Pleadings, to be sufficient, must at least show a *prima facie* right of recovery.

The foot-note to the bill calls for an answer under oath, and the defendant so answered. We extract from it: "Respondent denies that Spring Creek is a navigable stream, and further denies that it is a public highway; denies that logs can be floated down said stream, only in cases of high water or freshets, and then only three or four days at a time; denies that said stream has ever been used as a navigable stream, or as a public highway." In another place, the answer says: "Respondent denies that said Spring Creek was ever used for transporting logs down to said mill, above where respondent has erected his mill on said creek, except by complainants, who have only used it for a few months." They had owned the property only seven months when the bill was filed.

[City of Demopolis v. Webb.]

We are not able to perceive that the answer does not answer categorically every averment that gives to the bill a semblance of equity. So, the injunction was rightly dissolved, for two reasons: want of equity in the bill, and the denials in the answer.

That defendant Coleman was so far the owner of the land he claimed as to be able to maintain or defend a suit concerning it, we have decided at the present term in *Case v. Edgeworth*, *ante*, p. 203; s. c., 5 So. Rep. 783.

Should complainants be advised to amend their bill, what we have said will be a sufficient guide for the purpose.

The decretal order of the chancellor, dissolving the injunction, is affirmed.