McCord, Appellant, vs. Hill, Respondent.

*October 23 — November 7, 1899.*

*Pleading: Demurrer after answer: Public lands: Trusts.*

1. A general demurrer to a complaint, after answer, put in by stipulation and treated by both parties and the trial court as an ordinary demurrer, is so treated upon appeal from an order sustaining it.
2. A complaint which seeks to have the court adjust equities between rival claimants to government land is fatally defective if it fails to show that the United States has parted with the title and that it has become vested in the individual against whom it is sought to enforce the supposed equities.

Appeal from a judgment of the circuit court for Douglas county: A. J. Vinje, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Sanborn, Luse & Ellis,* attorneys, and *Lyman T. Powell,* of counsel; a brief in reply by *Sanborn, Luse & Ellis;* and the cause was argued orally by *A. L. Sanborn* and *L. K. Luse.*

For the respondent the cause was submitted on the brief of *A. B. Ross.*

Bardeen, J. The purpose of this action is to have the defendant adjudged to hold the title to certain lands described in the complaint as trustee for the plaintiff, and to require him to make a proper conveyance thereof. It appears from the complaint that the lands in question prior to February, 1891, were a part of the public domain. One Jacobus made a settlement thereon, and on the day the lands were opened for entry he applied to the local land office, and claimed the right of homestead entry. On the same day the defendant made a filing. The entry of Jacobus was rejected. The matter was brought before the commissioner of the general land office by proper proceedings, and the defendant's entry was canceled and the Jacobus entry allowed. In due time, as he supposed, Jacobus made

proper commutation proofs, and received his final certificates. He then sold the land to the plaintiff and one McLeod, and removed therefrom. It was afterwards discovered that his commutation proofs were premature and ought not to have been received. The defendant thereupon entered a contest, on certain grounds set out in the complaint, but not material to this decision, which resulted in the Jacobus entry being held for cancellation. The complaint further sets out certain facts under which it is claimed that the land officers, by mistake of law, erroneously canceled the Jacobus entry, and also that defendant was estopped from making any claim to the land. The view we have taken of the case renders it unnecessary to set out at length the allegations with reference to the matters alluded to.

The defendant made answer to the original complaint. Afterwards the complaint was amended, and a new answer was interposed. By stipulation it was agreed that the defendant might "interpose a demurrer in the nature of a demurrer *ore tenus*" to the complaint, and that it might be submitted to the court in vacation with the same effect as though done at the term, and be disposed of upon written briefs. A written demurrer was interposed, based upon the ground that the complaint failed to state facts sufficient to constitute a cause of action. Upon the hearing the court entered a formal order sustaining said demurrer and giving the plaintiff twenty days in which to serve an amended complaint. The plaintiff served notice that he elected to stand on his amended complaint, and thereafter a judgment was entered dismissing the complaint, and for costs to defendant. From this judgment the plaintiff has appealed.

The proceeding adopted by the parties was somewhat anomalous. Ordinarily a demurrer after answer would not be deemed proper, but it having been put in by stipulation, and having been treated by both parties in the light of an

ordinary pleading of that kind, we shall so consider it. The recitations in the judgment are sufficient to clear up any doubt we might entertain on the question. Holding, therefore, that the complaint is challenged by a demurrer based upon the ground that it does not state facts sufficient to constitute a cause of action, we shall proceed to consider it in that view.

We have only to deal with the amended complaint. It is upon that the plaintiff has elected to stand, and upon the sufficiency of which his rights are to be determined. We have made a most careful scrutiny of this pleading, and, so far as we are able to determine, the land, the title to which we are asked to adjudge in the plaintiff, yet belongs to the government. Although such an allegation appears in the original complaint, there is no allegation from which, either directly or by inference, we can determine that the title to this land has ever passed from the United States. It is not alleged that the defendant has any right or claim to the land, beyond his preference right of entry as the contestant of the Jacobus homestead claim. We are not advised whether he has ever exercised his rights in the premises, except the vague inference that can be drawn from that part of the complaint where it states, "Nor was any entry of said land made or allowed or authorized to be made by the said *John F. Hill* until long after the passage and publication of said act of Congress." This is entirely too indefinite to base a conclusion upon that *Hill* has obtained such a title that the court can seize hold of it and impress it with the trust sought to be enforced. It is only after the United States has parted with its title, and the individual has become vested with it, that the equities on which he holds it may be enforced, and not before. *Johnson v. Towsley,* 13 Wall. 72; *Shepley v. Cowan,* 91 U. S. 330; *Marquez v. Frisbie,* 101 U. S. 473. Such being the law, a complaint which seeks to have the court adjust equities between rival claim-

ants to government land is fatally defective if it fails to show that the title has become vested in the individual against whom it is sought to enforce supposed equities.

*By the Court.*— The judgment of the circuit court is affirmed.

On December 15, 1899, the judgment was modified so as to allow the trial court, in its discretion, to vacate the judgment and permit an amendment of the complaint so as to allege the issue of the patent to the defendant from the United States.