GULF, C. & S. F. RY. CO. v. CLARK.

(Circuit Court of Appeals, Eighth Circuit. April 9, 1900.)

No. 1,294.

1. PUBLIC LANDS—RIGHTS OF OCCUPANT UNDER HOMESTEAD LAW—ACTION FOR TRESPASS.

A receiver's receipt, issued to one in possession of public land claiming it as a homestead, under the provisions of Rev. St. § 2290, constitutes title which will support an action to recover damages to the land inflicted by a wrongdoer who does not connect himself with any claim or interest in the land.

2. WATER COURSES—RIGHTS OF RIPARIAN OWNERS—RESTORING STREAM TO ORIGINAL CHANNEL.

A riparian owner upon a stream may construct necessary embankments, dikes, or other structures to maintain his bank of the stream in its original place and condition, or to restore it to that condition, and to bring the stream back to its natural course, when it has encroached upon his land; and, if he does no more, other riparian owners cannot recover damages for the injury his action causes them.

In Error to the United States Court of Appeals in the Indian Territory.

W. A. Ledbetter, S. T. Bledsoe, and J. W. Terry, for plaintiff in error.

A. Eddleman and J. F. Sharp, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and ROGERS, District Judge.

SANBORN, Circuit Judge. This was an action by H. H. Clark, the defendant in error, against the Gulf, Colorado & Santa Fé Railway Company, the plaintiff in error, to recover damages for diverting the current of the Canadian river in the Indian Territory, so that it washed away 90 acres of the land of the defendant in error which was located on the east bank of that river. The railway company denied that it had diverted the channel of the river to the injury of the defendant in error, and upon a trial of the issues a verdict was rendered

against it, which has been affirmed by the court of appeals in the Indian Territory. The evidence tends to show that the defendant in error was, in 1894 and 1895, in possession of the 90 acres of land which was washed away, as a homesteader, under section 2290 of the Revised Statutes of the United States; that he held a receiver's receipt for it; that in 1870 the current of the Canadian river at this point ran some distance east of the channel which it occupied in 1890; that during this period between 1870 and 1890 the railroad company had constructed an embankment, and placed its railroad upon the solid land, some distance west of the westerly bank of the Canadian river; that the river gradually washed away the westerly bank until it encroached upon and swept away some portion of the railroad embankment; that in 1890 or 1891 the railway company constructed dikes, on what was originally solid land some distance back from the westerly bank of the river, for the purpose of restoring the current of the river to its original channel; and that these dikes encroached upon the channel of the river as it actually was at the time they were constructed, but did not encroach upon or extend into the channel of the river as it was originally located in 1870, before the river encroached upon its westerly bank. In 1894 and 1895 this river, during a period of high water, washed out about 90 acres of the land of the defendant in error. The testimony was contradictory upon the question whether or not the removal of this land was due to the construction of the dikes.

The right of the defendant in error to recover at all, and his right to recover all the damages which resulted to the land, are challenged by the plaintiff in error on the ground that he had no title to the land, except his possession and his receiver's receipt as a homesteader. But the receiver's receipt of one in possession claiming land under it in accordance with the provisions of section 2290 of the Revised Statutes of the United States constitutes ample title, as against a wrongdoer who does not connect himself with any claim or interest in the land, to warrant a recovery from him of all the damages which he causes to the property. Wisconsin Cent. R. Co. v. Price Co., 133 U. S. 496, 10 Sup. Ct. 341, 33 L. Ed. 687; Carroll v. Safford, 3 How. 441, 11 L. Ed. 671; Witherspoon v. Duncan, 4 Wall. 210, 18 L. Ed. 839; Railroad Co. v. Lewis, 7 U. S. App. 254, 2 C. C. A. 446, 51 Fed. 658; Railway Co. v. Johnson, 10 U. S. App. 629, 637, 4 C. C. A. 447, 452, 54 Fed. 474, 479; Wilson v. Owens (Ind. T.) 38 S. W. 976; Mansf. Dig. Ark. § 2628; Brummett v. Pearle, 36 Ark. 471; Hill v. Plunkett, 41 Ark. 465.

It is assigned as error that the trial court erred in refusing to instruct the jury, at the request of the railway company, that the company had no right to change the original current of the river from where it was located before the river encroached upon and washed away its roadbed, but that it had the right, after the river had encroached and washed away the roadbed in the manner described in the testimony, to restrain the current of the river to the position it was in before the defendant's roadbed was washed away, and that if the jury found, from the evidence, that the company did nothing more than to restrain the current of the river to its original position, then

they should find for the company; and that, on the other hand, it instructed the jury—

"That the defendant had no right, by the construction of a dike or dikes, to turn the current of the river from its natural and accustomed channel, so as to throw it over onto the plaintiff's land, and that in an ordinary water course, for its own protection, the defendant had no right to build anything which in times of ordinary flood will throw the water on the lands of the plaintiff, so as to wash them away and injure them, and, though the river threatens to change its channel and to encroach upon the land of the defendant, yet the defendant cannot protect itself to the prejudice of the opposite proprietor. Hence, gentlemen of the jury, if you believe, from the testimony, that the construction and maintenance of the dike or dikes by the defendant was the direct and proximate cause of the injury and damages done to the plaintiff, if any, you will find a verdict for the plaintiff."

In view of the evidence before the jury in this case, this action of the court below cannot be sustained. When the dikes were constructed, the channel of the river had been gradually changing towards the west, until it had encroached upon the west bank a long distance, and the construction of the dikes necessarily changed the channel from its later location back to the position in which it was originally found. That was the purpose of their construction. While it is well settled that a riparian owner has no right to obstruct the natural channel of the river, so as to divert the current of the stream from its natural course, the true rule is that, when the river encroaches upon his land, he may take the necessary steps and use the necessary means to restore it to its original channel, to maintain his bank in its original condition, and to that extent, at least, to protect his property from the incursions of the water. The charge of the court impinged upon this rule of law, because it instructed the jury that the railway company could not under any circumstances protect itself or its own bank to the prejudice of the opposite proprietor. The restoration of a river to its original channel, and the maintenance of one of its banks in its original and natural condition, may often be to the prejudice of the riparian owners upon the other side of the stream, both in times of high and low water. But a riparian owner on the westerly bank of a stream is not required to sit in silence until his property is swept away by an encroaching river, because his preservation of it may increase the depth of the water in the channel, and cause an injury to the owner of the opposite bank which he would not have suffered if the water had been permitted to carry away the westerly bank. He has the right to protect his property against such encroachments, and when they have occurred, and the current of the stream has turned over upon his land, he has the right to restore it to its original channel. Any injury sustained by the owner of the opposite bank through such action is damnum absque injuria, and can only be avoided by his exercise of the same right to protect his own bank. A riparian owner may construct the necessary embankments, dikes, or other structures to maintain his bank of the stream in its original condition, or to restore it to that condition, and to bring the stream back to its natural course; and, if he does no more, riparian owners upon the opposite or upon the same side of the stream can recover no damages for the injury,

his action causes them.    Farquharson v. Farquharson, 3 Bligh Pr. (N. S.) 421, 422; Rex v. Sewer Com'rs, 8 Barn. & C. 355; Lamb v. District (Cal.) 14 Pac. 625; Hoard v. City of Des Moines (Iowa) 17 N. W. 527; Ang. Water Courses, § 333; Barnes v. Marshall (Cal.) 10 Pac. 115; Taylor v. Fickas, 64 Ind. 167; Turnpike Co. v. Green, 99 Ind. 205; York Co. v. Ralls, Can. Law T. Feb. 1900.

For the failure of the court below to try this case in accordance with this rule, the judgments of the court of appeals in the Indian Territory and of the United States court for the Southern district of the Indian Territory must be reversed, and the case must be remanded to the latter court for a new trial; and it is so ordered.