[Sac. No. 1259.   Department One.—February 8, 1906.]

## HENRY THOMPSON, Respondent v. C. M. BASLER, Appellant.

PUBLIC LANDS—HOMESTEAD ENTRY—RESIDENCE AND CULTIVATION—EX-
CLUSIVE JURISDICTION OF LAND DEPARTMENT.—Under the federal
statutes, exclusive jurisdiction is vested in the land department to
determine the facts of residence and cultivation with respect to
homestead entries.

ID.—RECEIVER'S RECEIPT.—A homestead claimant who has obtained a
receiver's receipt has ample title to enable him to maintain or
defend a suit concerning land.

ID.—ACTION OF EJECTMENT BY HOMESTEAD CLAIMANT AGAINST MINING CLAIMANT—EVIDENCE—COLLATERAL ATTACK.—In an action of ejectment by a homestead claimant against a mining claimant, who made a location after the plaintiff had obtained a receiver's receipt, evidence of such receipt, coupled with evidence of possession, establishes plaintiff's right to recover; and the defendant cannot attack plaintiff's right by proof in such action that plaintiff had not complied with the requirements of residence and cultivation.

APPEAL from an order of the Superior Court of Tehama County denying a new trial. John F. Ellison, Judge.

The facts are stated in the opinion of the court.

Holl & Dunn, and Johnson & Chase, for Appellant.

McCoy & Gans, for Respondent.

SLOSS, J.—The plaintiff, claiming possession of and title to one hundred and sixty acres of land as a homestead entryman, under the land laws of the United States, commenced this action of ejectment against the defendant to recover the possession of a portion of the premises, and one hundred dollars damages. Judgment went for the plaintiff according to the prayer of his complaint, and the defendant now appeals from an order denying his motion for a new trial.

It appears that on April 16, 1900, there was issued to the plaintiff the receipt of the receiver of the land office for the entry of the one hundred and sixty acres, under section 2290 of the Revised Statutes of the United States [U. S. Comp. Stats. 1901, p. 1389], and that shortly thereafter he took possession of the land described in his receipt as his homestead entry thereunder. In the autumn of 1902 the defendant came upon the land, took possession of about twenty acres, began to run a tunnel therein for mining purposes, and posted and recorded notices of location for the purpose of acquiring tunnel rights under the laws of the United States. (Rev. Stats. U. S., sec. 2323 [U. S. Comp. Stats. 1901, p. 1426.]) The claim of the defendant, as stated in his brief, is: "That the plaintiff did not comply with the homestead laws of the United States after making his application and obtaining the receiver's receipt." In support of this claim, he introduced testimony tending to show that subsequent to the entry the plaintiff had

not resided on the land, and that he had failed to make the cultivation of the land required to obtain a patent thereto under section 2291 of the Revised Statutes of the United States [U. S. Comp. Stats. 1901, p. 1390].

Although title does not finally pass from the United States until the issuance of a patent, it is well settled that the receiver's receipt issued to a homestead entryman in possession and claiming land under section 2290 of the Revised Statutes of the United States, constitutes ample title to enable him to maintain or defend a suit concerning the land. (Code Civ. Proc., sec. 1925; *Goodwin* v. *McCabe,* 75 Cal. 584, [17 Pac. 705]; *Morrison* v. *Coleman,* 87 Ala. 655, [6 South. 374]; *Case* v. *Edgeworth,* 87 Ala. 203, [5 South. 783]; *Gulf etc. R. Co.* v. *Clark,* 101 Fed. 678, [41 C. C. A. 597].) The plaintiff having by the offer of the receipt, coupled with evidence of possession, made a *prima facie* showing of a right to sue in ejectment, the question is whether it was open to the defendant claiming to enter under a tunnel location to attack plaintiff's right by showing that there had been a failure to comply with the statutory provisions requisite to ripen the homestead right into a perfect title by patent. Under section 2291 of the Revised Statutes a patent may issue to the person making the entry upon proof of residence and cultivation for the period of five years and compliance with certain other conditions. And section 2297 [U. S. Comp. Stats. 1901, p. 1398] provides for a forfeiture of the right and the reverting of the land to government upon proof to the satisfaction of the register of the land office, after notice to the settler, that such settler has changed his residence or abandoned the land for more than six months at any time. The necessary effect of these provisions, taken in connection with the statutes creating the federal land department, is to confer upon the officers of that department the exclusive power to determine the facts of residence and cultivation with relation to homestead entries. "The land department of the United States has been created as the tribunal for determining the right under the laws of the United States of any person to receive a patent for any of the public lands, and that tribunal is vested with jurisdiction to determine all questions of fact that may arise in any controversy respecting such right." (*Gage* v. *Gunther,* 136 Cal. 338, 343, [68 Pac.

710, 89 Am. St. Rep. 141].)    Where the land department has passed upon such questions of fact, its determination is (in the absence of a showing of fraud or imposition) conclusive upon the courts. (*Steward* v. *McHarry*, 159 U. S. 643, [16 Sup. Ct. 117] ; *Gage* v. *Gunther*, 136 Cal. 338, [68 Pac. 710, 89 Am. St. Rep. 141].)    And similarly, while a question is under the consideration and within the control of the land department, the courts will not render a decree in advance of the action of the government officials and thereby render such action nugatory.    (*Marquez* v. *Frisbie*, 101 U. S. 473; *Casey* v. *Vassor*, (C. C.) 50 Fed. 258; *Humbird* v. *Avery*, (C. C.) 110 Fed. 465.)

In this case the question of plaintiff's residence and cultivation were within the control of the land department, and could have been determined by it either on an application for patent or on proceedings to have the land revert to the government, pursuant to section 2297 of the Revised Statutes. Since no steps had been taken to cancel the entry under the provisions of section 2297, the lower court rightly held that it had no power to determine whether or not the plaintiff had forfeited his rights for failure to reside on the land and cultivate it.    The land in question having been, by a homestead entry, valid on its face, and subsisting of record, withdrawn from entry under any law of the United States (see *Hastings etc. R. R. Co.* v. *Whitney*, 132 U. S. 357, [10 Sup. Ct. 112]), the defendant was not by virtue of his tunnel location in a position to attack plaintiff's right in this action.    These views necessarily dispose of the contention that the findings as to the title and possession of the plaintiff are not sustained by the evidence.    And we think the finding that the plaintiff sustained damage in the sum of one hundred dollars finds sufficient support in the record.    No other points are made for reversal.

The order denying a new trial is affirmed.

Angellotti, J., and Shaw, J., concurred.