# CASES DETERMINED

# SUPREME COURT OF NEBRASKA

AT

## JANUARY TERM, 1907.

---

CHARLES F. OLDFATHER, APPELLEE, V. ERIC E. ERICSON, APPELLANT.

FILED MAY 10, 1907. No. 14,763.

1. **Ejectment: EVIDENCE.** On the trial of an action in ejectment, the usual duplicate receipt of a receiver of a United States land office, in full force and unimpeached, is sufficient evidence of title, except as against one having a patent to the same land or some person or persons claiming under him.

2. **Instructions.** A cautionary instruction set out in the opinion *held* not to have been, under the circumstances, prejudicial.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*J. G. Beeler,* for appellant.

*Wilcox & Halligan, contra.*

AMES, C.

This is an action in ejectment to recover a strip of land lying on one of the borders of the tract comprising what was formerly the Fort McPherson Military Reservation, in this state. There were a verdict and judgment for the plaintiff, from which the defendant appealed. The post was established upon unsurveyed public lands of the

4          (1)

United States, and the boundaries of the reservation as-
certained by an independent survey made under the
authority of the government, and having, of course, no
relation or reference to township or section lines or other
governmental subdivisions as the latter should thereafter
be established. Shortly after the survey and establishment
of the reservation a government survey of the adjoining
public lands was also made, and the defendant made
entry upon, and in due course obtained title to, a govern-
mental quarter section adjoining the military tract. The
question of fact in this action is whether the western
boundary line of the reservation bisects this quarter sec-
tion so as to cut off in the neighborhood of 30 acres from
the eastern side thereof. In 1897 a resurvey of the reserva-
tion was made by governmental authority preparatory to
opening the tract to private entry, which is alleged to be
in conformity with the first or original survey thereof
made in 1869, and by which the disputed strip is described
as being within the reservation, and is subdivided into
certain numbered tracts or lots upon which the plaintiff
made entry, for which he obtained a duplicate receiver's
receipt at the government land office in 1902. This receipt
is the only muniment of title or of right of possession
which he had or offered in evidence at the trial. The
first and gravest question presented is whether this re-
ceipt, the validity of which, if the land was subject
to entry, is not impeached, is a sufficient foundation for
the maintenance of the action of ejectment.

Section 626 of the code enacts that, "in an action for the
recovery of real property, it shall be sufficient, if the
plaintiff state in his petition that he has a legal estate
therein, and is entitled to the possession thereof." Such
an action has always been treated in this state as a suit
to try title, and it has repeatedly been held that a legal
title is indispensable, an equitable right or interest being
insufficient to maintain the action. *Morton v. Green*, 2
Neb. 441; *Malloy v. Malloy*, 35 Neb. 224; *Dale v. Hunne-*

*man,* 12. Neb. 221; *O'Brien v. Gaslin,* 20 Neb. 347; *Upp-falt v. Nelson,* 18 Neb. 533. But section 411 of the code is as follows: "The usual duplicate receipt of the receiver of any land office, or, if that be lost or destroyed, or beyond the reach of the party, the certificate of such receiver, that the books of his office show the sale of a tract of land to a certain individual, is proof of title equivalent to a patent against all but the holder of an actual patent." Although the defendant has a patent, he is not, in this action, within the exception of the statute, because it is disputed that his patent conveys, or purports to convey, the strip in controversy, and whether it does so or not is of the very gist of the litigation. Of the two statutes quoted, one treats of the subject of pleading and the other of proof, and, considered merely by themselves and without reference to judicial interpretation, there is no obvious conflict between them and no difficulty in making them to harmonize, and we think the decisions may be made to do likewise. It is true that the action is one to try title, but the receiver's receipt is made by the statute a sufficient muniment of title for the purposes of the action, and a judgment therein is conclusive upon the parties and their privies as in other cases, but, if the entry should afterwards be forfeited and the holder of it should be evicted by a subsequent entry made under the federal land laws, the latter entryman would be in by title paramount, and there would, of course, be no privity between him and his predecessor in possession, nor between such predecessor and the United States. By forfeiture and cancelation, his title and right of possession, valid while in existence, would be wholly extinguished. The precise question does not appear to have been distinctly decided by this court, but the foregoing conclusion seems to be implied in the language of the opinions in *Morton v. Green, supra,* and *Headley v. Coffman,* 38 Neb. 68. A like practice under similar statutes prevails in other states. *Gunderson v. Cook,* 33 Wis. 551; *Davis v. Freeland's Lessee,* 32 Miss.

645; *Case v. Edgeworth,* 87 Ala. 203; *Thompson v. Basler,* 148 Cal. 646, .84 Pac. 161; *Goodwin v. McCabe,* 75 Cal. 584; *Trulock v. Taylor,* 26 Ark. 54; *Hill v. Plunkett,* 41, Ark. 465. The convenience, if not necessity, of such a rule, at least in the state courts, is too obvious to require comment.

There were three surveys made by authority of the United States government. Two of them, being of the lands within the reservation, seem to be in harmony with each other, but it is claimed that they are in conflict with the third (second in order of time), which is of the outlying territory, and under which the defendant claims, and a plat made by the surveyor general, pursuant to this last mentioned survey, indicates that the land in dispute lies outside the reservation. But the last survey, in order of time, made by the government, which was for the purpose of subdividing the tract preparatory to opening it for private entry, and the plat made pursuant thereto, indicate that the disputed land lies within the reservation. And so the defendant contends that the final survey is more likely to be erroneous as to the location of the disputed line and corner than is the survey and plat of the outlying territory which were made within a month after the survey of the reservation itself, and for the purpose of upholding his contention he introduced oral testimony of measurements made from field notes of the several surveys tending to show that the plat and survey last mentioned are in harmony with each other, and also with the first survey which was of the reservation itself. Obviously all this raises a sharp conflict of evidence upon a disputed question of fact which the jury alone was competent to decide.

But the court excluded from evidence a plat offered by the defendant which indicated the location of the lines and corners and the measurements and situation of the disputed strip according to his contention, and such ruling is assigned for error. This plat was made by one of the wit-

nesses examined at the trial, who testified that he made it under the direction of a former attorney of the defendant in the case, and that he had not himself made any survey or measurements, but was governed by the field notes which had been used by the county surveyor in the making of a survey of the locality, viz., the notes of the government survey of the territory outside the reservation. This plat was, therefore, whether accurate or not, no more than an inference by the witness from the testimony offered and introduced before the jury, and, at most, amounted, in effect, to his opinion of what their inference and verdict therefrom should be, and, while it perhaps might have been properly made use of by counsel in illustration of or as part of his argument, it was not, in our opinion, admissible in evidence for the purpose for which it was offered, and was properly excluded.

The court at the request of the plaintiff gave the following cautionary instruction, to which the defendant excepted: "You are instructed that in this action different witnesses, not surveyors or civil engineers, have testified as to the existence of government corners on the exterior line of the Ft. McPherson Military Reservation, and you are instructed that it requires no professional skill or mathematical knowledge to qualify witnesses to testify as to the existence of governmental corners; and in this case you should give the testimony of such witnesses such weight as under all circumstances of the case you think them entitled to." The specific objection to this instruction is that it gives undue prominence to the description of testimony mentioned by it. Upon our minds it makes quite the contrary impression that it admonishes the jury not to accord such testimony undue weight as being that of experts or of persons especially qualified to testify, but that it was entitled to such consideration as is due to the testimony of competent witnesses in ordinary cases and upon ordinary issues. It is not disputed that the instruction is a true statement of the law, and it does not appear to us to have been prejudicial.

The case appears to us to have been fairly tried and submitted to the jury with proper instructions, and we see no reason for disturbing their verdict or the judgment, which we recommend be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.