[No. 6830.   Decided October 7, 1907.]

THE COLUMBIA CANAL COMPANY, *Respondent*, v. W. L.

BENHAM, *Appellant*.[1]

COURTS—JURISDICTION—PUBLIC LAND.  A state court has no juris-
diction to determine the equities of claimants to public lands by en-
joining the prosecution of a claim before the land department or
requiring a relinquishment of a claim, when the title is still in the
United States and the land office has not determined the right to a
patent.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered March 26, 1907, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, enjoining proceedings to obtain title to
public lands.   Reversed.

*Jesse A. Frye*, for appellant.

*Shank & Smith*, for respondent.

RUDKIN, J.—This is an appeal by the defendant from the
following decree entered against him in the court below:

"It is hereby ordered, adjudged and decreed that the de-
fendant be and he hereby is restrained and enjoined from pro-
ceeding further in any manner whatever, in person or by agent
or attorney, to obtain title to the northwest quarter (N. W.
¼) of section ten (10), in township seven (7) north, range
thirty-one (31) east, in Walla Walla county, Washington,
whether under his entry of the said land as desert land, filed
in the United States Land Office at Walla Walla, Washing-
ton, on, to wit, August 2, 1906, or otherwise; and that de-
fendant, his agents or attorneys and each of them be and they
hereby are forbidden and enjoined from taking any steps in
the matter of the said entry or any other proceedings in the
land office of the United States in connection with the said
land, save and except only as hereinafter directed.

[1]Reported in 91 Pac. 961.

"And it is further ordered and decreed that the defendant do forthwith file, or cause to be filed, in the United States Land Office at Walla Walla, Washington, a relinquishment of all claims to said land the whole thereof, and that in the event of his failure so to do within twenty (20) days from this date, Heber M. Hoyt, Esquire, a member of the bar of this court, who is hereby appointed commissioner for the purpose, shall forthwith, in the name and as the act of said defendant, execute such relinquishment in due and proper form, and cause the same to be filed in said land office, with certified copies of findings, conclusions and decree. But such relinquishment by the commissioner shall not of itself relieve the defendant from making relinquishment in person as hereinabove ordered."

In view of the conclusion we have reached on the question of the court's authority to enter such a decree, we deem it unnecessary to make a further statement of the case, except to say that the lands described in the decree are public lands of the United States, and the appellant has·made entry thereof under the provisions of the desert land act, in the proper land office. Notwithstanding the innumerable attempts that have been made through the courts to control the action of the land department in disposing of the public domain, the respondent has been unable to cite a single precedent for such a decree; and after an exhaustive examination of the authorities, this court has been equally unsuccessful. We are satisfied, however, that the authority to enter the decree has been repeatedly denied by the supreme court of the United States in analogous cases. In *Marquez v. Frisbie*, 101 U. S. 473, 25 L. Ed. 800, the court, speaking through Mr. Justice Miller, said:

"It plainly appears from this, first, that the defendants had not the legal title; second, that it was in the United States; and, third, that the matter was still *in fieri*, and under the control of the land officers. Nothing in record of the case before us gives evidence that any further steps in that department have been taken in the case. We have repeatedly held that the courts will not interfere with the officers of the government while in the discharge of their duty in disposing of the public

lands, either by injunction or mandamus. *Litchfield v. Register and Receiver*, 9 Wall. 552; *Gaines v. Thompson*, 7 Id. 347; *The Secretary v. McGarrahan*, 9 Id. 298. *And we think it would be quite as objectionable to permit a state court, while such a question was under the consideration and within the control of the executive departments, to take jurisdiction of the case by reason of their control of the parties concerned, and render decree in advance of the action of the government, which would render its patents a nullity when issued. After the United States has parted with its title, and the individual has become vested with it, the equities subject to which he holds it may be enforced, but not before.* *Johnson v. Towsley*, 13 Id. 72; *Shepley v. Cowan*, 91 U. S. 300."

The doctrine of this case has been reaffirmed in many subsequent cases in the same court. *United States v. Schurz*, 102 U. S. 378, 26 L. Ed. 167; *Carrick v. Lamar*, 116 U. S. 423, 6 Sup. Ct. 424, 29 L. Ed. 677; *Cruickshank v. Bidwell*, 176 U. S. 73, 20 Sup. Ct. 280, 44 L. Ed. 377; *Kirwan v. Murphy*, 189 U. S. 35, 23 Sup. Ct. 599, 47 L. Ed. 698; *Cosmos Exploration Co. v. Gray Eagle Oil Co.*, 190 U. S. 301, 23 Sup. Ct. 692, 24 Sup. Ct. 860, 47 L. Ed. 1064; *Humbird v. Avery*, 195 U. S. 480, 25 Sup. Ct. 123; *Oregon v. Hitchcock*, 202 U. S. 60, 26 Sup. Ct. 568. To the same effect, see, also, *Casey v. Vassor*, 50 Fed. 258; *Forbes v. Driscoll*, 4 Dakota 336, 31 N. W. 633; *Vantongeren v. Heffernan*, 5 Dakota 180, 38 N. W. 52; *Hays v. Parker*, 2 Wash. Ter. 198, 3 Pac. 901.

In *McCord v. Hill*, 104 Wis. 457, 80 N. W. 735, the court said:

"It is only after the United States has parted with its title, and the individual has become vested with it, that the equities on which he holds it may be enforced, and not before. . . . Such being the law, a complaint which seeks to have the court adjust equities between rival claimants to government land is fatally defective if it fails to show that the title has become vested in the individual against whom it is sought to enforce supposed equities."

In *Sims v. Morrison*, 92 Minn. 341, 100 N. W. 88, the court said:

"The rule applies with greater force to the case at bar, for here the legal title to the land is in the general government, with no certainty that it will ever become vested in defendants, and the rights of both are purely equitable. The government has the paramount and sole authority to dispose of its lands, and until it parts with and conveys its title, the courts are powerless to aid litigants in controversies affecting or involving individual claims thereto."

So far as we have been able to discover, there is no dissent from these views. The right of the respondent to maintain this action must rest upon some equity it has or claims in the land sought to be entered, which is now public land of the United States. If it has such an equity—and upon that question we express no opinion—the courts are powerless to grant relief until the title passes from the general government. The respondent cites the case of *Rader v. Stubblefield* from this court, reported in 43 Wash. 334, 86 Pac. 560, in support of its contention. The difference between enjoining the prosecution of an action *inter partes* in another court, and enjoining the prosecution of a claim for public land before the special tribunal charged with the administration of the public land laws is apparent.

The judgment appealed from was in excess of the jurisdiction of the court, and is without warrant or authority in law. Reversed and remanded.

HADLEY, C. J., FULLERTON, CROW, DUNBAR, and ROOT, JJ., concur.