## CRUISE vs. RIDDLE.

1. The proviso to the act of Congress of February 11, 1847, conferring bounty lands on soldiers, was intended to protect not only pre-emption claimants, but also those who had actually settled and cultivated the public lands, although they might not under the law be entitled to a pre-emption.

2. But if this proviso of the act is disregaded, and the bounty land claimant obtains from the register a certificate to land which is actually settled and culti. vated by another, the settler cannot defeat the title of the claimant in an action of ejectment.

3. *It seems,* that the settler's remedy is by application to the Government, to recall the certificate, or refuse the patent if it shall appear that it was wrongfully obtained.

4. In ejectment, the usual notice and declaration are sufficient to bring the defendant into court.

ERROR to the Circuit Court of Talladega.

Tried before Hon. ROBERT DOUGHERTY.

EJECTMENT by Walter D. Riddle against Samuel S. Cruise.

Before entering into the consent rule and pleading, the defendant moved to strike the cause from the docket, and to quash and set aside the declaration and notice served upon him, on the ground that no process or writ had been issued or served upon him, other than the said declaration and notice, which he contended were not sufficient in law to bring him into court, or to put him to his defence on the merits. But the court decided, that said declaration and notice were sufficient, and required him to enter into the usual consent rule and plead; to which defendant excepted.

On the trial, the plaintiff exhibited a certificate from the register of the land office at Lebanon, dated December, 1848, showing that a bounty land warrant had been located by said Riddle on the land in controversy. The land was shown to have been public or Government land at the time, lying in Talladega county. He also introduced proof tending to show, that defendant was put in possession of said land in 1846, and held under him as his tenant before he obtained the said register's certificate.

The defendant introduced evidence tending to show, that he held said land claiming it as his own, and that he had

cleared and cultivated a portion of the forty acres, at and before the time when the said register's certificate was issued to Riddle.

The court charged the jury: "That, if, in 1846, the agent of the plaintiff put the defendant in possession of said land, and if the said certificate was issued on the day of its date, then, the said certificate was sufficient to entitle the plaintiff, and did entitle him, to recover said land from the defendant in this action;" to which charge the defendant excepted.

The defendant then asked the court to charge: "That, if, at the time said certificate was issued, and for one year before its issuance, the defendant and his family resided on said land, and cultivated the portion of it which was cleared, and fenced a portion of said land, and built a stable and corn crib on it, before said certificate was issued, then, the said certificate was not sufficient to entitle the plaintiff to recover said land from the defendant in this action;" which charge the court refused to give, and the defendant excepted to the refusal.

The errors assigned are:

1. The several decisions and rulings excepted to by plaintiff in error, as shown by the bill of exceptions;

2. The court below erred, as shown in the bill of exceptions.

Rice & Morgan, for plaintiff in error:

1. A defendant in ejectment may invoke an outstanding title in a third person, to protect his possession. This right is independent of any claim or color of title. If he has the possession, his right to the land is complete until the plaintiff shows a better title; and he may show that the plaintiff's title is bad, or that a third person is the true owner. The law will not disturb the possession, to let in one claiming under a bad title. King v. Stevens, 18 Ala. 477.

2. An occupant of public land is not a mere trespasser. The Government has invited actual settlements on the public lands, and, in the pre-emption laws, has secured valuable privileges to actual settlers. An occupant of public land becomes a trespasser, only when, in cases of actual settlement, the Government disposes of the land to a purchaser, by valid sale according to law. It is against the whole policy of the

law in this country to treat every occupant of public domain as a trespasser.

3. No officer of the United States Government can pass the title of the Government, in lands embraced in the proviso of the act of 11th February, 1847, § 9, to a person claiming to locate a land warrant on such land. Such a grant is void, because it is directly in violation of law. Sessions v. Reynolds, 7 Miss. 157; Stoddard v. Chambers, 2 Howard U. S. Rep. 317-18; 1 Murph. N. C. 162.

4. The act of Congress of 11th February, 1847, puts the actual settler on public lands in a better position, as to the bounty land claimants, than they had occupied towards other persons claiming to hold under Government grants. The act cited protects settlers against such claimants; and, as against them, gives to settlers the better right to the possession. Can the officers of the Government destroy this right at pleasure, and, by the issuance of a certificate or patent for such lands, confer the title in violation of law, and cut off inquiry into the validity of their acts? Such would be the necessary effect of a decision which would hold, that a patent could not be attacked by a settler, simply because he had no title to the land. The settler is without remedy, if his rights are thus violated. He has no notice of the action of the Government officers, until he is sued for the possession; and then he cannot defend, because the certificate has issued.

5. There was no tenancy shown between the parties, nor was it shown who had built the house upon the land. The facts did not make out the relation of landlord and tenant; and the charge given assumes the tenancy as resulting from the simple fact, that Cruise was put in possession of the house by the agent of Riddle.

6. The charge refused had no reference to any tenancy, but makes the case turn upon the fact, that the certificate issued, as shown by the facts stated in the charge refused, would not authorize the plaintiff to recover. This was a clear proposition of law, and should have been stated to the jury.

PARSONS & WHITE, contra:

1. The plaintiff in error does not show that he is in possession under color of title; in fact, the record shows he is a

51

mere intruder, and therefore cannot insist on the invalidity of Riddle's title. Crommelin v. Minter, 9 Ala. 594, and cases cited in opinion.

The same rule governs in regard to personal property, so that a mere trespasser or volunteer cannot show that plaintiff's title was obtained by fraud. Dunklin v. Wilkins, 5 Ala. 199.

Cruise went into possession under Riddle, and that is, of itself, sufficient to authorize Riddle to recover. Crommelin v. Minter, 9 Ala. 607.

PHELAN, J.—The act of Congress of 11th of February, 1847, (P. Acts, p. 15) conferring bounty lands on soldiers, after declaring that warrants may be located on any lands of the United States subject to private entry, contains this proviso: " *Provided*, that no land warrant issued under the provisions of this act, shall be laid on any lands of the United States to which there shall be a pre-emption right, or upon which there shall be an actual settlement and cultivation."

The act of Congress of 4th September, 1841, (U. S. Statutes, vol. 5, p. 455,) the last general law on the subject of pre-emptions previous to the act of 1847 aforesaid, requires, that a person seeking to obtain a pre-emption should be a citizen of the United States, or one who had declared his intention under the naturalization laws, and who actually lived on and cultivated the land. It required further, that he should not have obtained a pre-emption previously; that he should not be the owner of 320 acres of land in the United States; and that he should not have abandoned his own land to get a pre-emption. He was required to state these several matters under oath, and also, that he had made the settlement *bona fide* for his own exclusive use and benefit, and not, directly or indirectly, for the benefit of another, under an agreement to sell, or otherwise. And, by the 15th section of the same act, the settler, and the person intending to settle and improve public land, was required to file with the register a statement of such intention, and pay out the land in twelve months from the filing of such statement, or the land was made subject to entry after that time.

It would hence appear, that there are several classes of persons who may be actual settlers on the public lands and cul-

Cruise v. Riddle.

tivate the same, who are not entitled to the right of pre-emption, and who would consequently be liable to lose their improvements by an entry under a regular purchase from the Government.    But, does it follow, that these persons are also liable to lose their settlements by an entry under a bounty land warrant issued under the act of 1847?

The words of the act of 11th February, 1847, conferring bounty land certificates or warrants, expressly restricts them, as we have seen, from being laid on any land subject to a "pre-emption right, or upon which there shall be an actual settlement and cultivation."   A plain distinction is made, and it is manifest the statute was intended to go beyond pre-emption claimants merely, and to embrace also those who actually settled and cultivated the land, although they might not, under the law, be entitled to a pre-emption.   It was the intention of the law-making power evidently, to regard all such as objects of bounty and good will, as well as the soldier in the service, and to say, that the soldier with his bounty land warrant should not oust any actual settler who lived on a piece of public land, even if he were a person not entitled to a pre-emption.   This law, taking its complexion from the spirit of the age and country, regards the actual settler on wild lands less in the light of a trespasser than formerly; and there seems to me to be reason for it.

But admitting that the act of Congress forbids a bounty land warrant to be laid on such a settler, what remedy is provided if this injunction of the statute be disregarded?   Can the settler defend against the bounty land claimant holding a certificate of the register of the land office, or a patent?   This will depend upon the nature of the interest conferred upon him by the statute in the land he cultivates.   The certificate of the register is a title under which the bounty land claimant must recover in an action of ejectment, unless the settler can show better title in himself or some one else.   He has no title himself.   It cannot be pretended for a moment, that the act of Congress invests him with any interest in the land, or with anything more than a license to cultivate and occupy it.   It may admit of controversy, if it even goes that far.   This license, then, conceding it to be such, the Government of the United States may withdraw or revoke at any time; and the grant of

a certificate or patent for the land to another, by the official agents of the Government, is of itself a revocation of the license to the settler. The settler, then, has no title in himself, and the title of the Government, whose tenant at sufferance he was, is in the bounty land claimant; and consequently, in an action of ejectment, this title must prevail.

Has the settler, then, a privilege or favor granted him by the law of the land, that any bounty land claimant may take away in defiance of the statute? There is a remedy every way equal in dignity to the right. The right is only a license, and the remedy is, by application to Government to recall the certificate, or refuse the patent, if it shall appear that it was wrongfully obtained. But that must rest with the Government and the department having charge of public lands, to whom the application must be made.

From the view taken of the nature of Cruise's occupancy, it is needless to consider the question, whether he entered upon this land by contract with Riddle, and was holding under him when he cleared and built houses, or not. The certificate of the register of the land office gave Riddle a title, upon which he was authorized to recover under either aspect of the case; so that there was no error, either in the charge the court gave, or in refusing the charge it was requested by defendant to give.

Before proceeding to enter into the consent rule, the defendant moved to quash and set aside the declaration and notice served upon him, which the court refused. The argument offered here in support of this motion is, that the statute (Clay's Digest 334, §123) requires, " that all original process, and all subsequent process thereupon, to bring any person or persons to answer any action," &c., shall be issued by the clerk of the court; and declares, " that all "writs or process issued in any other manner may be abated on the plea of the defendant." This statute was passed in 1807. In 1835 the statute was passed authorizing the "action of ejectment," which had been previously abolished. This statute authorized the "action of ejectment," and of course the mode of proceeding in that action according to the course of the common law. Any other construction would make the latter statute nugatory and unavailing. It authorizes a notice from the plaintiff to bring the

defendant into court by necessary implication, just as fully as the express authority given by statute to bring a sheriff into court by notice, to answer for a default, authorizes that proceeding. The statute of 1807 does not affect either.

There is no error in the record, and the judgment below is affirmed.