[Case v. Edgeworth.]

# Case v. Edgeworth.

*Statutory Action in nature of Ejectment.*

87 203
117 252

1. *What title will support action; receiver's receipt on homestead entry.* As against a mere trespasser, a receipt given by the receiver of a land office of the United States, for money paid on a homestead entry (U. S. Rev. Statutes, §§ 2290-97), confers a title on which ejectment, or the statutory action in the nature thereof, may be maintained before the expiration of five years (Code, § 2782); and the defendant can not be heard to allege a breach of the conditions on which the entry may be perfected.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. JOHN B. TALLY.

This action was brought by D. C. Case against E. L. Edgeworth and T. A. Lumsden, to recover the possession of a tract of land containing 160 acres, which was a part of section 28, township 7, range 7 east; and was commenced on the 7th February, 1887. The defendants pleaded not guilty, and issue was joined on that plea. On the trial, as the bill of exception shows, the plaintiff offered in evidence, after proving its execution, a receipt given to him by the receiver of the land office at Huntsville, which was dated November 29th, 1886, and acknowledged the payment of $14 in full of fees on homestead entry of the land; and this was all the evidence adduced. The court thereupon charged the jury, on request, that they must find for the defendants, if they believed the evidence. The plaintiff excepted to this charge, and he here assigns it as error.

WATTS & SON, and W. J. HARALSON, for appellant, cited *White v. St. Guirons*, Minor, 331; *Bullock v. Wilson*, 2 Porter, 436; s. c. 5, Porter, 338; *Cruise v. Riddle*, 21 Ala. 791; *Bates v. Herron*, 35 Ala. 117; *Watson v. Prestwood*, 79 Ala. 416; Code, § 2782.

DOBBS & HOWARD, *contra.*—The plaintiff was never in possession of the land, and showed no legal title in himself, the title being in the United States until the issue of a patent.—*Goodman v. Winter*, 64 Ala. 410; *Wilkerson v. McDougall*, 48 Ala. 383; *Baucum v. George*, 65 Ala. 259;

*Wilson v. Glenn,* 68 Ala. 383; *Slaughter v. McBride,* 69 Ala. 510; *Scranton v. Ballard,* 64 Ala. 402; *Bruce v. Bradshaw,* 69 Ala. 360; *Pollard v. Hanrick,* 74 Ala. 334.

CLOPTON, J.—The general rule, that a plaintiff in ejectment must recover on the strength of his own title, and must show a legal title to the premises, is elementary and familiar; an equitable estate or claim will not support the action. The evidence which the plaintiff introduced in support of his title, was a receipt in the usual form given by the receiver of the public moneys to him, for the sum of fourteen dollars, being the amount of fee and compensation of register and receiver, for the entry of the land sued for, under section 2290 of the Revised Statutes of the United States. The decisions of the Supreme Court of the United States, holding that until the patent issues the fee is in the government, and that a certificate of entry vests only an equitable claim, which will not support ejectment, are founded on the general rule.

Conceding that, independent of statute, a certificate of entry is not a title complete or legal in its character, there is in this State a statute which declares: "All certificates issued pursuant to any act of Congress, by any board of commissioners, register of a land office, or by any one authorized by law to issue such certificate, upon any warrant or order of survey, or for any donation or pre-emption claim, vests the legal title in the holder or his assignee, and must be received as evidence of such title."—Code, 1886, § 2782. This statute has been in force, with immaterial changes in phraseology, since 1812; and under it, certificates given by the receiver of public moneys, on the entry of public lands, have been held sufficient evidence of title to enable the holder to maintain the action of ejectment. The first case was *Bullock v. Wilson,* 2 Port. 436, in which the only evidence of title offered by the plaintiff was a receipt, which expressed to be in full for the land described in the declaration. It was held that the receipt was within the equity of the statute, and, until the patent issues, was the best evidence of the plaintiff's right which the case admits of, and was sufficient evidence of title to authorize the holder to maintain an action of trespass to try titles. This ruling was re-affirmed in the subsequent cases of *Cruise v. Riddle,* 21 Ala. 791; and *Bates v. Herron,* 35 Ala. 117.

Section 2290 of the Revised Statutes provides, that any

[Case v. Edgeworth ]

person applying to enter land, for the benefit of the homestead, shall, upon making the prescribed affidavit, and paying the requisite sum, be permitted to enter the land specified. The succeeding section declares, that he shall be entitled to a patent, if, after the expiration of five years, he proves by two credible witnesses, that he resided on, or cultivated the same, for the term of five years immediately succeeding the time of filing the affidavit; and makes affidavit that nò part of the land has been alienated, except as authorized by law, and that he will bear true allegiance to the government of the United States. It is true, the same section declares, that no certificate or patent shall issue until the expiration of five years from the date of the entry; but this evidently refers to the certificate to be issued after proof that the conditions of the entry have been complied with. Compliance with the provisions of section 2290, and an entry made in accordance therewith, vest an estate or right in the settler—a right to enter the land and occupy. This is manifest from the provisions of section 2297, which provides: "If at any time, after the filing of the affidavit and before the expiration of the five years, it is proved, after due notice to the settler, that the person having filed such affidavit has actually changed his residence, or abandoned the land for more than six months at any time, the land so entered shall revert to the government." There can properly be no reversion, unless some right or estate has passed out of the grantor.

The defendants showed no title or right whatever. So far as the evidence discloses, they are mere trespassers. The estate of the plaintiff acquired by the entry, whatever may be its extent or the character of the title, is an estate on condition. Whether the condition has been complied with, or whether there has been a forfeiture, can only be ascertained in a direct proceeding instituted for that purpose. A mere trespasser can not inquire whether there has been a breach of the condition, and can not set up as a defense a failure to perform the condition. Though the title of the plaintiff does not become complete until the conditions have been performed, the receipt given by the receiver of the public money in full, for lands entered under section 2290, vests in the plaintiff, under the statute in this State, a legal title sufficient to maintain an action of ejectment, or the corresponding statutory real action, and must be received as evidence of such title in such action.

It follows that the court erred in giving the affirmative charge in favor of the defendant.

Reversed and remanded.