HIAWANNEE LUMBER COMPANY ET AL v. LORENZO D. Mc-
PHEARSON.

[49 South. 741.]

EVIDENCE. *Land office receipts and certificates. Code* 1906, § 1959.
*Public lands. Homestead entries from United States.*

Under Code 1906, § 1959, providing that all certificates issued in
pursuance of any act of Congress by a register of any United
States land office based on any pre-emption or purchase from the
United States of any land in this state shall vest the full legal
title to such land in the person to whom such certificate is issued,
a receiver's certificate issued to a party entering lands under the
United States homestead law (Rev. Statutes U. S. § 2290) is com-
petent evidence and sufficiently proves title to support an action
for cutting trees upon and removing timber from the lands.

FROM the circuit court of Wayne county.

HON. WILLIAM H. HARDY, Judge.

McPhearson, appellee, was plaintiff in the court below; the
Hiwannee Lumber Company, a corporation, and others, appel-
lants, were defendants there. From a judgment in plaintiff's
favor defendants appealed to the supreme court .

McPhearson sued the Hiwannee Lumber Company and
others, his declaration containing two counts, one under Code
1906, § 4976, for the statutory penalty of $15 per tree for the
alleged cutting by defendants of timber trees on plaintiff's land,
while the second count demanded a recovery of the actual value
of the trees so cut. The plaintiff offered as evidence of his title
to the land only a receipt and a certificate issued to him, upon
his application to homestead the land under the United States
homestead laws. The same were objected to by defendants
because they were not patents or certificates of entry. The
testimony showed that McPhearson had never been in possession
of the land at the time of the alleged trespasses, the timber
being cut in the early springtime of 1907 and plaintiff did not

move on the land until June, 1907.   The circuit court admitted the receipt and certificate in evidence; they were in these words:—

"Excess Receipt No. 46,823.   Receiver's Duplicate Receipt No. 41,702.   Application No. 41,702.   Homestead.   Department of the Interior, United States Land Office, Jackson, Mississippi, December 20th, 1906.   Received of Lorenzo D. McPhearson the sum of fourteen dollars no cents, being the amount of fee and compensation of register and receiver for the entry of S. E. ¼ of N. W. ¼, S. W. ¼ of N. E. ¼, and N, ½ of the S. W. ¼ of section 13, in township 10, north, of range 7 west, St. Stephens meridian, under section 2290, Revised Statutes of the United States.   $14.00.   160.16.   Thomas V. McAllister, Receiver."

"Department of the Interior, United States Land Office. I hereby certify that the records of this office show that S. E. ¼ of N. W. ¼, S. W. ¼ of N. E. ¼, and N. ½ of S. W. ¼, Sec. 13, Tp. 10 N., R. 7 W. of St. Stephens meridian, is covered by homestead entry No. 41,702, made December 20th, 1906, by Lorenzo D. McPhearson, and I further certify that said entry is intact.   Witness my signature this 31st day of December, 1908.   Thomas V. McAllister, Receiver U. S. Land Office, Jackson, Mississippi."

Plaintiff had taken all steps possible under the law in order to homestead the land for which he had made application, and sufficient time had not elapsed for a certificate of entry or patent to issue to him.

Code 1906, § 1959, is as follows:   "All certificates issued in pursuance of any act of congress by any board of commissioners, register of any land office, or any other person authorized to issue such certificate, founded on any warrant, order of survey, entry, grant, confirmation, donation, pre-emption, or purchase from the United States of any land in this state, shall vest the full legal title to such land in the person to whom such certificate is granted, his heirs or assigns, so far as to enable the holder

thereof to maintain an action thereon, and the same shall be received in evidence as such, saving the paramount rights of other persons."

*D. W. Heidelberg,* for appellants.

The plaintiff had no legal title to the land from which the timber was cut; nor had be ever been, up to the time of the cutting of the timber, in possession of the land.   In order to maintain an action of trespass for cutting timber a plaintiff must show title to the timber, or that he was in the exclusive possession of the land from which it was cut and exerting a claim of title thereto.   *Dejarnett v. Haynes,* 23 Miss. 600; *Ware v. Collins,* 35 Miss. 223 ; *Gathins v. Miller,* 76 Miss. 651; *Darrill v. Dodds,* 78 Miss. 912.

The certificate or receipt which was issued by the receiver of the United States land office is not evidence of title.   It is nothing more than a receipt for money.   It is certainly a novel proposition that a person may acquire a title, legal or equitable, to the land of the United States merely by paying a small fee required to be paid at the very incipiency of the effort to acquire title to the land, and this also even before the applicant has ever moved on it and resided any part of the five years required by section 2291 of the United States Statutes, and before making any final proof, as required by said section, and before he himself has any right to cut the timber on the land except for improvements; and that he may thereby acquire such title, too, as will enable him to recover $15 for each tree cut by any one else thereafter on the land.   The mere statement of such a proposition carries with it its own refutation.

Counsel for appellee rely on Code 1906, § 1959, in support of their contention that the receipt is such title as will enable plaintiff to recover.   A sufficient reply to this is that the receipt of the receiver, issued to the plaintiff and introduced as evidence, is not a certificate and does not purport to be.   It is nothing more than a receipt for the fee required to be paid as

compensation to the register and receiver by all persons who enter land under the homestead laws.

Section 2291 of the United States Statutes, the one immediately following the Federal Statute last cited, provides that "no certificate, however small, shall be given or patent issued therefor" (that is, to persons homesteading lands) "until the expiration of five years from the date of such entry." The fact that by the above express provision of the United States Statutes no certificate shall issue until the applicant shall have resided on the land for five years is proof that the receipt issued to the applicant at the time he enters the land, and before he is even required to move on it, is not a certificate as provided for in Code 1906, § 1959.

*E. G. Caston,* for appellee.

In *Orrell v. Bay, etc., Co.,* 83 Miss. 800, 36 South. 561, the court decided that a settler on making application for a homestead and filing the required affidavit and paying a certain small sum, proportionate to the amount of the land applied for, acquires certain rights in the land and the timber growing thereon. He acquires a privilege of pre-emption, and is clothed with the right and power to protect his entry from intrusion or trespass. He acquires also the right to the absolute and undisturbed possession and control of the land embraced in his entry. *Mott. v. Hopper,* 116 La. 629, 40 South. 921.

McPherson's entry vested in him the immediate right of exclusive possession and use of the land embraced in his entry coupled with the right to receive a perfect legal title on complying with certain conditions prescribed by law, and created in fact an inchoate title, which when perfected relates back to date of entry. If a homesteader could not protect his homestead before receiving patent to his land, he would be at the mercy of every trespasser, and the beneficial purpose of the national homestead law would be defeated. *Johnson v. Davis,* 91 Miss. 708, 45 South. 979.

Code 1906, § 1959, gives to the person to whom any certificate of entry or purchase has been issued by the United States government of any land in this state, a full legal title to such land insofar as to enable the holder to maintain an action for the cutting of timber, thereon. It is the policy of the federal government to secure for the homesteader the exclusive benefit of his homestead rights. The homestead laws allow the homesteader six months from the date of his entry in which to move on the land homesteaded. McPherson, the homesteader, was on this land a short time before he made his entry, which was on Dec. 20, 1906. He was again on the land in March, 1907, and he was also on the land several times between March and June, 1907, and on or before the said last date he built his house on said land and moved his family, and he and they were living on the land within six months from the date of this entry. Considering the whole record in this case this court must affirm the judgment of the court below.

*Baskin & Wilbourne,* on the same side.

Appellee rests his title on a receipt and certificate issued to him by the proper officer of the United States Land Office at Jackson, Mississippi, and these instruments were, at the time of trial and now are uncancelled and in full force and effect. Under Code 1906, § 1959, the appellee was thereby vested with title to the land sufficiently to support his suit for the cutting and removing of timber from the land.

The Revised Statutes of the United States, § 2290, give the receiver of the land office authority to issue a certificate to one in possession of public land claiming it as a homestead. And by Code 1906, § 1959, appellee had the right as plaintiff to prosecute the suit, irrespective of whether or not he was, at the time of suit, in exclusive possession of the land from which the timber was taken. *Dickinson v. Brown,* 9 Smed. & M. 130; *Lindsey v. Brown,* 27 Miss. 502; *Martin v. Nash,* 31 Miss. 324; *Huntington v. Grantland,* 33 Miss. 453.

In the case of *Johnson v. Davis,* 91 Miss. 708, 45 South. 979, it is distinctly held that a United States land office certificate showing the entry or purchase of government lands is competent evidence of title in the person to whom it was issued, by Code 1906, § 1959, and will support a suit by the legal holder thereof to recover the statutory penalty for illegally boxing of pine trees for turpentine.

MAYES, J., delivered the opinion of the court.

In addition to cases cited by counsel for appellee, see *Gulf, etc., Ry. Co. v. Clarke,* 101 Fed. 678, 41 C. C. A. 597; *Case v. Edgeworth,* 87 Ala. 203, 5 South. 783.

*Affirmed.*