Methodist Episcopal Camp Ground Ass'n v. Wm. H. Brown.

[62 South. 276.]

1. EJECTMENT. *Title to support action. Interest in public lands. Code 1906, section 1959.*

Under Code 1906, section 1959 providing that all certificates issued under any act of congress by the register of any land office, based on any entry or purchase of land from the United States, shall vest the full title thereto in the person to whom such certificate is issued, so far as to entitle him to maintain an action thereon and where on the trial of an action of ejectment plaintiff introduced as his proof of his right to recover, a letter or writing duly signed by both the register and receiver of the United States land office, directed to him and stating that his application to make homestead entry had been allowed, subject to his further compliance with the law and regulations applicable thereto, and that no further notice would be received by him of such allowance and in connection with the writing introduced the receipt from the register of the land office of the amount of the fees and commissions received as the first payment by plaintiff as entryman and in both letter and receipt the land entered is described and at the end of the receipt there is a statement "must be issued at the time the money is received." Such evidence shows that plaintiff had sufficient title to maintain his action of ejectment.

2. SAME.

In such case though the title of the plaintiff does not become complete until the conditions have been performed the receipt given by the receiver of the public money in full, for lands entered under section 2290, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1388) vest in plaintiff, under the statute of this state, a legal title sufficient to maintain an action of ejectment.

APPEAL from the circuit court of Wilkinson county. Hon. E. E. Brown, Judge.

Suit in ejectment by William H. Brown against the Methodist Episcopal Camp Ground Association. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*E. G. Shannon*, for appellant.

In deciding this case the learned court could not have been familiar with the case of *A. C. Wetzbrook* v. *Alexander Block* which decided every point in the present controversy.

In handing down the case CAMPBELL, C. J., said: "The receipt of the receiver of the Land Office of the United States for fees paid for the entry of land as a homestead is not sufficient evidence of title to recover in an ejectment suit. It is not a certificate within the meaning of section 1623, Code 1880. The act of congress prohibits the issuance of a certificate on entry of a homestead. Rev. Stat., U. S. 2291. Reported in 2 Miss. Dec. 720.

It is hardly necessary to point out to this court that section 1623, Code 1880, corresponds to 1959, Code 1906, upon which the judge of the court below based his decision in this case.

Backed by such authority it is a waste of time to argue further on this point. Certainly a mere notice of permission to enter coupled with a receipt for money paid cannot constitute such an evidence of title as will support a suit in ejectment. The entryman takes by it no more than an equitable right to be perfected into a title by the performance of certain conditions.

Moreover there is no showing made of title in any body of this land in controversy. Defendant showed, or attempted to show, title to the land by conveyance and seventy years adverse possession in himself and his source of title. But the court would not listen to this defense, because "the attack and the certificate must be made before the proper United States authorities." It does not deny the justice of defendant's claim. It merely says in effect that it only has jurisdiction of the plaintiff's side of the case. While the cases are not identical the following holdings in *Dowd* v. *Railway Co.*, 68 Miss. 159, would seem to imply that the plaintiff here should have shown title in the United States.

A patent or certificate of entry by the proper officer of the state for lands donated to it by the United States although in due form and reciting such donation, is insufficient in ejectment to prove title in the state. Without which proof the patent will be unavailing.

There are legion of cases that could be offered to prove that lands in open adverse possession of another are not subject to entry but this point was never considered by the court below and I shall quote only one, *Atherton* v. *Fowler*, 96 U. S. 513.

*Bramlette & Tucker,* for appellee.

The certificate of entry vested the full legal title to the land in suit in the appellee. See section 1959, Code of 1906, and *Johnson* v. *David,* 91 Miss. 708, and cases therein cited.

It is immaterial whether or not Taylor was served with summons, the proper officers of appellant had legal service and under the plea of not guilty admits possession. See section 1822, of Code of 1906.

Reed, J., delivered the opinion of the court.

Appellee filed an action of ejectment against appellant. Upon the trial, he introduced as his proof of his right to recover, a letter, or writing, duly signed by both the register and receiver of the United States land office at Jackson, Miss., directed to him and stating that his application to make homestead entry had been allowed, subject to his further compliance with the law and regulations applicable thereto, and that no further notice would be received by him of such allowance. In connection with this writing he introduced also the receipt from the register of the land office of the amount of the fees and commissions received as the first payment by appellee as entryman, aggregating twelve dollars and eighty cents. In both the writing, or letter, and the receipt, the land entered, amounting to eighty-two and sixty-

six hundredths acres, is described. There is a statement
at the end of the receipt that such receipt "must be is-
sued at the time the money is received." Plaintiff there-
upon rested, and the defendant offered to show by wit-
ness that the trustees of the Methodist Episcopal Church
South, having charge and control of the camp ground lo-
cated on the land in controversy, were then holding and
occupying the land, claiming under a grant as school sec-
tion land in Wilkinson county. Thereupon the court
granted a peremptory instruction for the plaintiff.

Section 2289 of the United States Statutes (U. S.
Comp. St. 1901, p. 1388) provides for the entry of one-
quarter section, or less, of unappropriated public lands
for homestead purposes. Section 2290 of the United
States Statutes prescribes the affidavit to be made by
the person applying to enter the land, and the amount of
the payment then to be made, and states that upon the
filing of such affidavit and the payment of such amount
that "he or she shall thereupon be permitted to enter the
amount of land specified." Section 2291 (U. S. Comp.
St. 1901, p. 1390) declares that "no certificate, however,
shall be given, or patent issued therefor, until the expira-
tion of five years from the date of such entry." At that
time, if the statute has been complied with, by proof that
the entryman has resided upon the land or cultivated the
same during the period named, and that no part of the
land has been alienated, except as authorized by law,
and that he will bear true allegiance to the United States
government, he shall be entitled to a patent.

Until the end of the five years the title in the person
entering the land does not become complete. His es-
tate during the time is on condition. It has been decided,
however, that the receiver's receipt, issued to the home-
stead entryman, under section 2290, confers sufficient ti-
tle to enable him to maintain, before the expiration of
five years, an action of ejectment or a statutory action
in the nature thereof. *Case* v. *Edgeworth,* 87 Ala. 203,

5 South. 783. The Louisiana courts have decided that such receipt will be sufficient to maintain a petitory action. *Broussard* v. *Broussard,* 43 La. Ann. 921, 9 So. 910. The court said, in rendering the opinion in this case, that: "We have heretofore had occasion to announce this principle very emphatically, as follows: 'From repeated adjudications of our courts on the subject, we gather the settled doctrine to be this: That whilst a receiver's receipt or certificate is not of equal dignity with a patent, as showing the complete and absolute divestiture of the title of the government, yet that land, so held under the former, enters fully into the domain of private property; that such certificate of entry is sufficient evidence of title to support a petitory action; that the land is subject to taxation, unless reserved therefrom by special congressional legislation; that it is the subject of any kind of contract under the operation of our laws touching the rights of each and every class of persons in their various and manifold relations.''

When the entry was made by appellee, the title to the land was in the United States. The record does not show that appellant has title which could be successfully asserted against a person claiming through the United States. We recognize the general rule that, in ejectment, the plaintiff must recover upon the sufficiency of his own title. In this case the receipt of the receiver of the United States land office was in the usual form. We may concede that, without statutory provision relative to a certificate of entry as evidence, such receipt did not show a complete or legal title in the appellee; but we have such statutory provision in section 1959 of the Code of 1906, which is as follows: "All cetrificates issued in pursuance of any act of Congress by any board of commissioners, register of any land office, or any other person authorized to issue such certificate, founded on any warrant, order of survey, entry, grant, confirmation, donation, pre-emption, or purchase from the United States of

any land in this state, shall vest the full legal title to such land in the person to whom such certificate is granted, his heirs or assigns, so far as to enable the holder thereof to maintain an action thereon, and the same shall be received in evidence as such, saving the paramount rights of other persons.'' In rendering the opinion in *Case* v. *Edgeworth, supra,* the court said: ''Though the title of the plaintiff does not become complete until the conditions have been performed, the receipt given by the receiver of the public money in full, for lands entered under section 2290, vests in the plaintiff, under the statute of this state, a legal title sufficient to maintain an action of ejectment, or the corresponding statutory real action, and must be received in evidence of such title in such action.''

In section 1959 it is stated that all certificates issued upon any entry shall vest the legal title therein, so as to enable the holder thereof to maintain an action thereon. We believe that the papers shown in the record, the writing, or letter, and the receipt, are sufficient to vest title in the appellee, so as to enable him to maintain his action of ejectment. In the case of *Hiawannee Lumber Company* v. *McPherson,* 95 Miss. 589, 49 South. 741, this court held that the receiver's certificate, issued to one in possession of public land claiming it as a homestead under the statute of the United States (section 2290), constitutes a title which will support an action for cutting and removing timber from the land. We find but little difference in substance between the receipt or certificate in that case and the one presented in this case.

Counsel for appellant contends that this case is controlled by the opinion in the case of *Westbrook* v. *Block,* which is not reported in the Mississippi reports, but is contained in the publication of 2 Mississippi Decisions, p. 720. It is stated in the opinion in that case that the receipt of the receiver is not sufficient evidence of his right to possession of the land, and that it does not

amount to a certificate, as provided in section 1623, Code of 1880, which is the same as section 1959 of the Code of 1906, but that the proof of the entry of the land must be made by the record of the books and files of the register of the land office. We do not think, however, that that case should control the one before us, but rather that this case should follow the decision of this court in the case of *Hiawannee Lumber Company* v. *McPherson, supra,* which, in effect, overrules *Weztbrook* v. *Block.* We believe that the papers from both the receiver and the register of the land office in this case are sufficient to entitle appellee to possession under our statute. They certainly contain all the necessary facts to show that the entry has been made in accordance with the statute. They set forth the original information to the entryman, and, we think, in effect constitute the certificate to him that his application to make a homestead entry has been allowed. The records of the land office could show no more. Such record would be practically a copy of the originals presented to the court. We again mention that the papers conveying the information to the entryman are officially signed by both the register and receiver, and that it is shown to be the custom or rule and regulation of the land office that the receipt should be issued.

In the light of decisions of other courts, as well as this court, we are led to conclude that the title vested in the appellee, as shown by the receiver's receipt and statement of the register and receiver, is sufficient for him to maintain his action of ejectment.

*Affirmed.*