HALLOWAY *v*. MILES ET AL.

[70 South. 697.]

1. EVIDENCE.   *Secondary evidence.   Public lands.   Title.   Prima facie title.*

Under Code 1906, sections 1960-1961, providing for the admission of copies of records of the United States offices in evidences where plaintiff claimed land under a certificate of entry from the United States, claiming it a part of the public domains, the tract book of original entries, showing that the property had been reserved as school lands and accepted by the state was admissible to establish this fact.

2. PUBLIC LANDS.   *Title.   Prima facie title.*

Code 1906, section 1959, declaring that all certificates issued in pursuance of any act of Congress shall vest full legal title in the person to whom the certificate is granted, and shall be received in evidence, saving the paramount right of other persons, merely announces a rule of evidence and establishes only a *prima facie* title, which may be overcome and defeated by a superior or paramount title, and when a certificate of entry was issued by the United States land office to land which had been reserved as school land and accepted by the state, the entryman acquired no title, since the United States had none.

APPEAL from the circuit court of Wilkerson county.
HON. E. E. MOON, Judge.

Suit by A. C. Halloway against W. P. Miles and others.
From a judgment for defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*D. C. Bramlett* and *F. W. Tucker*, for appellant.

The case of *Carruth* v. *Gillespie*, cited by opposing
counsel, is not in point here, for in that contest there was
no question as to whether or not the United States had
parted with its title. In the case at bar the presump-
tion of title in appellee by adverse possession is over-
thrown by the fact that the United States had never par-
ted with title until the grant by certificate of entry to
appellant. Be that as it may, our state courts are not the
tribunal to determine the right of appellee, if any, but
the United States tribunals are the proper ones for ap-
pellee to apply for aid.

*Ackland H. Jones*, for the appellees.

Since the original brief was filed herein, this court has
handed down its decision in the case of *Caruth* v. *Gil-
lespie*, No. 16, 651, 68 So. 927. That case, and the author-
ities cited therein, is conclusive on the question of the
presumption invoked by appellees in this case. I desire,
in this brief, to add the above case to those cited in my
original brief.

HOLDEN, J., delivered the opinion of the court.

The plaintiff in the court below relied upon his certifi-
cate of entry issued by the United States land office at
Jackson, Mississippi, showing an entry upon the land in
question by appellant. At the trial in the court below,
appellant introduced this certificate and the tract book of
original entries and rested his case, relying upon section
1959, Code of 1906, which reads as follows:

"All certificates issued in pursuance of any act of Congress by any board of commissioners, register of any land office, or any other person authorized to issue such certificate, founded on any warrant, order of survey, entry, grant, confirmation, donation, pre-emption, or purchase from the United States of any land in this state, shall vest the full legal title to such land in the person to whom such certificate is granted, his heirs or assigns, so far as to enable the holder thereof to maintain an action thereon, and the same shall be received in evidence as such, saving the paramount rights of other persons."

The defendant in the court below, and appellee here, introduced his evidence showing that the land here involved was school land, designated and reserved as such by the United States government, and accepted and so used and considered by the proper authorities in Wilkinson county as school land for about seventy years, and now leased by appellee.

This appears to be true from the tract book of original entries showing the entries made of the public domain; this tract book being competent evidence under sections 1960 and 1961, Code of 1906. At the time the plaintiff obtained his certificate from the United States land office, upon which he bases his title, there was no title in the United States government to said land; consequently, plaintiff obtained no title except as given him by the certificate under the said section 1959, Code of 1906. But from a careful reading it is plain that this section 1959 of Code of 1906 merely announces a rule of evidence, and establishes only a *prima-facie* title, which may be overcome and defeated by a superior or paramount title. This conclusion is not out of line with the case of *M. E. Camp Ground Association* v. *Brown,* 105 Miss. 313, 62 So. 276, and is in accord with *Jones* v. *Madison County,* 72 Miss. 777, 18 So. 87.

*Affirmed.*